[473] WILLIAM J. HUTCHINS vs. FLINTGE AND RALSTON — Appeal from Washington County.

When the indorsement of a promissory note is without date, in the absence of proof the date of the note is presumed to be the date of the indorsement.

The diligence required by the statute on the part of the holder, to render an indorser of a bill or note, or the drawer of a bill, liable, must be shown, but it is not necessary to state in the pleadings a matter of law, or facts which are stated or recited in a public statute; these the court will notice ex officio. [8 Tex. 29; 11 Tex. 449.]

Case stated in the opinion.

*Gillespie,* for appellant.

No appearance for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

This suit was brought by the appellant upon a promissory note, made by Flintge, payable to Ralston, and indorsed by the latter to the plaintiff.

The note is set out in the petition, and bears date on the 30th of December, 1846, payable one day after date.

Suit was brought by filing the petition on the 17th day of March, 1847.

It appears from the bill of exceptions that " the defendants demurred to the petition of the plaintiff, which demurrer was sustained by the court, on the ground that the plaintiff had not

alleged in his petition the day on which said indorsement was made, and given notice thereof to the defendant."

There is no doubt that, when *material*, the *time* when an alleged fact occurred must be stated. And in general, the time when every material or traversable fact happened ought to be averred. 5 Tenn. 620, 624–5; 14 East, 291, 300, 301.

[474] The statement of the *real* or precise time, however, is never necessary, unless it constitutes a material part of the contract or instrument declared upon, or unless the date of a written contract or instrument is professed to be described. 1 Saund. 24, n. 1; 2 Hawk. Pl. Cr. B. 2, ch. 25, sec. 81. And where in one continued sentence, or in several sentences connected by the conjunction "and," several facts are stated, the time, though only once alleged, will apply to each fact. Com. Dig. Pleader, 6, 19; 1 Ld. Raym. 576.

The petition in this case alleges that "on the 30th day of December, 1846, the said George, the maker, executed and delivered to the said Joseph, the indorser, his certain promissory note," which is here set out, after which follows the allegation of the indorsement thus: "which said promissory note the said Joseph, for a valuable consideration, indorsed and delivered to your petitioner."

There is to this allegation no distinct averment of time; but were it material, it must be understood as referring to the alleged time of the making of the note. When the indorsement is without date, in the absence of proof it is referred to the date of the note, the presumption being that that was also the date of the indorsement. "So the presumption of law, where a bill or note is indorsed in blank, is that it was indorsed on the day of its date, or at least before it was due. If the defendant alleges that it was indorsed after it became due, the burden of proof is on him to show it." Bayley on Bills, 137, 2d Am. from 4th London ed.

But the date of the indorsement, in the present instance, is wholly immaterial (id. 437, sec. 12, and note 130); the rights of the parties, as represented by this record, being precisely the same, whether it was that of the date of the note or the institution of the suit; or whether made before or after the note became due.

The necessity of demand and notice to charge the indorser is dispensed with by our statute (4 Stat. 144; Cartwright v. Roff, 1 Tex. 78), and instead thereof, the holder is required to [475] institute suit against the maker before the first term of the district court, after the right of the action accrues; or at farthest, before the second term, and to show good cause why he did not institute his suit before the first term. 4 Stat. 144, sec. 1.

This is the diligence required by the statute, in order to charge the indorser in the present instance; and unless it be shown, the action cannot be maintained. It is not alleged in the petition. And it is in general true, that in an action against the drawer of a bill, or the indorser of a bill or note, it is essential to aver the facts which in law constitute due diligence. 3 McCord, 195. But it is never necessary to state in the pleadings matter of law of which the courts will, *ex officio*, take notice. Cowp. 683, 684; 7 Conn. 92. Public statutes, and the facts which they recite or state, must be noticed by the courts without their being stated in the pleadings (1 Bla. Com. 85, 86; 4 M. & S. 532, 542); and it is only necessary to state facts which will appear to the court to be affected by the statute. 1 Term, 145. The act prescribing the time of holding the district courts (statutes of 1846, 270, 272), is a public statute.

The date of the note sued on is stated in the petition, and the date of the commencement of the suit appeared also upon the petition, and was of record in the district court of Washington county. That court, therefore, would *ex officio* know that this suit was brought before the first term of the court after the cause of action, as laid in the petition, accrued.

The plaintiff, therefore, had shown due diligence as defined and required by the statute. There was, then, no necessity of an averment of diligence, or demand and notice, or of a distinct and separate averment of the date of the indorsement, to entitle the plaintiff to maintain his action.

There was error, therefore, in the judgment of the court sustaining the demurrer, for which the judgment must be reversed and the cause remanded for further proceedings.