### A. F. FAGAN v. WEST WHITCOMB.

#### (No. 3187.)

APPEAL from Anderson County. Opinion by WHITE, P. J.

A. W. GREGG and L. S. HAYS, counsel for appellant.

JOHN J. WORD, counsel for appellee.

§ **27.** *Landlord and tenant; measure of damages for injury to premises.* One of the items claimed by the plaintiff in the account sued upon was "to damages to said Whitcomb's farm and premises, $75.50." To prove this item, plaintiff was permitted, over objection of defendant, to ask his witness what it would be worth to repair the farm and put it in the same condition as when the defendant, Fagan, as Whitcomb's tenant, went on the place. It is insisted that such evidence did not establish a proper measure of damages in an action by a landlord against a tenant for injury to premises during a lease, but that the true measure of damages would be, not what it would be worth to put the property *in statu quo,* but the injury to the market value of the reversion. In his work on Landlord and Tenant Mr. Wood says: "In the case of an action by the landlord against the tenant before the term is ended, when the landlord has not himself made the repairs, he is entitled to recover

the injury to his reversion by reason of the tenant's neglect to repair, and is not necessarily restricted to a recovery of nominal damages merely; the loss he would sustain by reason of dilapidations if he went into the market to sell the reversion is the true criterion, and not, as held by Lord Holt, such sum as would be required to repair the same. But if the landlord goes on and makes the repairs, he is entitled to recover the reasonable and necessary expenses thereof, in addition to any other damages which he may sustain by reason of the tenant's default," etc. [Page 642.] This rule in no wise conflicts with those announced in Railway Co. v. Jochim, 58 Tex. 456; but, on the other hand, we think, is in full harmony with them, the difference in the facts of the two cases being considered. In this case Whitcomb had not made the repairs for which he was suing, and the correct measure of damages is, we think, as above stated by Mr. Wood, and as claimed by appellant. The court erred in admitting the testimony objected to.

§ 28. *Measure of damages for work improperly done.* On a claim for damages for work improperly done, the measure of damage is the difference in its value as done and what its value would have been if properly done. Such damage is fully adjusted when the party doing the work is only allowed the actual value of his work.

November 27, 1889.        Reversed and remanded.