## H. H. NOWLIN v. JAMES M. HALL.

### Motion No. 1192. Decided March 24, 1904.

**1—Practice in Supreme Court—Findings on Appeal.**

Where the appellate court has failed to find such conclusions of fact as will enable the Supreme Court to determine the rights of the parties on application for writ of error, the latter court may, on its own motion, return the record with instructions to make and return such conclusions; and it is proper for the applicant for writ of error, by motion or in his application, to request that this be done (Rev. Stats., art. 943, as amended by Act of April 10, 1901); the applicant's motion for leave to file petition for mandamus to require it must be refused because he has a remedy by the statute, but may be treated as such motion. (Pp. 442-444.)

**2.—Same**

The conclusions of fact which the Court of Civil Appeals is required to make include only the issuable facts and do not require a restatement of the evidence; and they may be embraced in a finding that the material issues were submitted in the charge and were correctly determined in favor of appellee. (P. 443.)

**3.—Same.**

See request for special findings on various points held properly refused by the appellate court as being on matters shown by the undisputed evidence, or found by the verdict which the court refused to set aside, or in the nature of a cross-examination of the court. (Pp. 444, 445.)

Application for writ of error and for leave to file petition for mandamus to the Court of Civil Appeals for the Third District, in an appeal from San Saba County.

*Chas. L. Lauderdale,* for applicant.

GAINES, Chief Justice.—This suit was brought by James M. Hall, the defendant in the application for the writ of error, against H. H. Nowlin, the petitioner, to recover two sections of school land. The trial in the District Court resulted in a judgment in plaintiff's favor—which judgment was affirmed by the Court of Civil Appeals. The defendant in the trial court, the appellant in the Court of Civil Appeals, has brought the case here by an application for a writ of error. Since filing his petition in this court the applicant has also presented a petition against the judges of the Court of Civil Appeals to compel them to file conclusions of fact upon certain points, together with a motion for leave to file the same, and has also moved this court for leave to amend his petition for the writ of error. It is the question of the propriety of granting the writ of mandamus to which we desire to address ourselves in this opinion.

By an act of the Legislature approved April 10, 1901, article 943 of the Revised Statutes was so amended as thereafter to read as follows: "If, upon an inspection of the petition for writ of error and the record of the cause, it shall appear that a court of civil appeals has failed to file conclusions of fact, or that it has not complied with the requirements of the law in filing its conclusions of fact, and if it shall further appear that such conclusions of fact are necessary to enable the Supreme Court to properly determine the rights of the parties, then the Supreme Court may suspend action on the petition for writ of error and return the record to the Court of Civil Appeals, with the instructions to make and return conclusions of fact upon the points indicated by the Supreme Court. If upon examination of a petition for writ of error the Supreme Court shall find that there is error in the judgment of the Court of Civil Appeals, it shall grant a writ of error returnable within the time and in the manner prescribed by the rules of that court." Laws 1901, p. 122. In case a court of civil appeals in any cause over which this court has jurisdiction fail to file conclusions of fact sufficiently full to enable this court to determine correctly whether an application for a writ of error should be granted, this act affords a plain remedy for the omission; that is, this court may of its own motion refer the case back to the appellate court for specific findings upon the point or points upon which they have omitted to state their conclusions. We think also that in such a case it would be proper for the applicant for the writ of error to point out the failure of the Court of Civil Appeals in this respect and to move the court to refer the case back for such findings; and it seems to us that this motion might be made in the petition for the writ of error itself, or in a separate motion filed at any time before action

is taken on the application. Since for a failure of the Court of Civil Appeals to file sufficient conclusions of fact, the party aggrieved has a plain, adequate and complete remedy by a motion to this court, the motion to file the petition for mandamus is overruled.

But we think it proper that we should treat the petition for the writ of mandamus as a motion, or at least as a suggestion to the court that the conclusions of fact are not sufficiently full in the particulars there pointed out. This brings up the question of the sufficiency of the conclusions of fact found by the Court of Civil Appeals in this case.

A grave misconception seems to be entertained, by some of the attorneys practicing in this court, as to the functions of the Court of Civil Appeals with respect to the facts of a case. Those courts have under the Constitution and statutes jurisdiction over the facts of a case—a jurisdiction which is denied to the Supreme Court. But they have not the unlimited power to find facts contrary to the findings of the trial court. If a finding of fact, whether by the judge or a jury, is against the preponderance of the evidence, or is without evidence to support it, they may set it aside, but if there is any evidence to sustain it the cause must be remanded for a new trial. Lee v. Railway Co., 89 Texas, 583. If they hold that there is no evidence to support a finding and set it aside upon the ground, that ruling raises a question of law, which this court has the power to determine.

"The conclusions of fact," which it is the duty of the Court of Civil Appeals to file in a proper case, does not mean the conclusions made by every issue raised by the evidence upon the trial; but the conclusions upon the issuable facts made by the pleading and evidence. For example let us take the ordinary case of a suit for damages for personal injuries, in which the plaintiff pleads that he has been injured, that his injuries were caused by the negligence of the defendant and alleges his damages; and in which the defendant pleads the general issue and contributory negligence. A judgment is rendered for the plaintiff, which is affirmed upon appeal. It seems to us that when the Court of Civil Appeals finds that there was negligence on part of the defendant, as alleged in the petition, and no contributory negligence on part of the plaintiff, and that the amount of damages assessed by the jury is sustained by the evidence, they have announced every conclusion of fact which is required of them under the law.

In the case of the Manchester Fire Ins. Co. v. Simmons, 35 S. W. Rep., 722, a motion to file conclusions of fact was made in the Court of Civil Appeals of the Fifth District similar to that filed in this case, and in overruling the motion the court very pointedly and correctly say: "It would be useless consumption of time for us to file a detailed statement of the facts. Such a statement is contained in the record already, and the Supreme Court has as much authority to look to that statement for the detailed facts as it has to consider them when restated by us. We do not hesitate to state any and every fact which we deem essential

to a correct comprehension of the legal questions involved and the conclusions we have pronounced upon them; but the law has imposed upon this court the duty of filing conclusions of fact in cases such as this, and has declared that its judgment upon the facts shall be final and conclusive (Rev. Stats., 1895, art. 996, par. 3), and we must decline to take upon ourselves the profitless labor of restating the evidence as detailed facts. We think our conclusions of fact filed in this case cover all the material issues of fact, and our manner of expressing such conclusions is at least satisfactory to this court." In that case an application for a writ of error was refused by this court.

In this case there were issues of fact made by the pleading and evidence. In so far as such issues were made by the evidence, they were submitted by the court in its charge to the jury and the verdict was for the plaintiff, the appellee in the Court of Civil Appeals. In response to the motion for additional findings of fact, that court overruled the motion as to specific findings, but found in effect that the material issues were submitted in the charge and were correctly determined in favor of appellee. We think this was sufficient.

The points upon which the court was requested to file its conclusion are as follows:

"1. What part of the survey located by certificate 350, B. B. B. & C. R. R. Co., was claimed by plaintiff and under what right did he claim it?

"1a. What quantity of land was contained in the survey located under certificate 350, of which survey plaintiff made his application to purchase 370 acres; and how much of said entire survey was unsold and belonging to the public free school fund at the time when said application was made and rejected?

"2. Was said body of land originally located and surveyed under said certificate ever legally surveyed and located more than one time? If so, how often, and under what right?

"When and how did that 370 acres sued for by plaintiff, described as section 2, B. B. B. & C. R. R. Co. survey, become a part of the public free school land or fund? Under what certificate and what survey, and how and when was such survey made, and what was the total quantity of land contained in it?

"3. Was there any evidence tending to show that the land or any of it was ever awarded and sold to or attempted to be awarded and sold to W. A. Buchholz and by him conveyed to defendant Nowlin?

"4. Was the evidence sufficient to show that defendant Nowlin became an actual settler upon section 1; was he then qualified to purchase it; did he make a proper and sufficient application to purchase it on or about the 14th of April, 1900; and has he since continued to reside upon section 1 as his home, and to pay the annual interest due on the sales claimed to have been made to Buchholz?

"5. When did Nowlin actually settle upon section 1 with the intention of acquiring it by purchase as a home? And was he at any time

in making his settlement upon same or in his application to purchase it acting in collusion with any other person or corporation?

"6. Was the testimony adduced sufficient, in the absence of any superior right shown or found to exist in plaintiff, to entitle the defendant Nowlin to recover the said section 1 under his alleged actual settlement and applications to purchase it?"

Some of these matters are shown by the undisputed evidence in the case and some are found by the verdict which the court declined to set aside. Besides these questions seem to be more in the nature of a cross-examination than of a request to file conclusions of fact. We think the court did not err in refusing to answer them.

We would suggest, however, that some of the opinions of the Court of Civil Appeals which come to this court could be improved by a more elaborate statement of the case and more specific conclusions of fact. A proper practice would seem to be, to state succintly the nature of the suit, including the character of the plaintiff's demand and .of the defenses pleaded, and also the result of the suit, and to follow this with the conclusions of fact and then with the court's opinion upon the law of the case.

As above indicated, it was not our purpose to write an opinion upon the petition for the writ of error, but we find no error pointed out in that petition and therefore the application is refused.

*Application refused.*