ALEXANDER et al. v. LOUISIANA & TEXAS LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. Jan. 7, 1913. Rehearing Denied Feb. 6, 1913.)

1. APPEAL AND ERROR (§ 731*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error that the verdict is contrary to the law, that it is not supported by the evidence, and that it is contrary to the great preponderance of the evidence are too general to be reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

2. NEW TRIAL (§ 128*)—GROUNDS OF MOTION —SUFFICIENCY.

Under district and county courts rule 68, grounds of motion for new trial that the verdict is contrary to the law, that it is not supported by the evidence, and that it is contrary to the great preponderance of the evidence are too general to be considered by the district court.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 257–262; Dec. Dig. § 128.*]

3. APPEAL AND ERROR (§ 1002*) — REVIEW — VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Action by the Louisiana & Texas Lumber Company against T. J. Alexander and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Madden & Ellis and Adams & Young, all of Crockett, for appellants. Nunn & Nunn, of Crockett, for appellee.

REESE, J. This is an action of trespass to try title by the Louisiana & Texas Lumber Company against the Southern Pine Lumber Company, Joe Adams, R. J. Mosely, and E. R. Bennett to recover a section of land in Houston county. The Southern Pine Lumber Company disclaimed as to all the land sued for, except one tract of 160 acres and an undivided interest of 110 acres in another tract of the section, and also except as to the standing timber on 50 acres adjoining said 110 acres, as to which it pleaded the general issue and the statute of limitations of five and ten years. Alexander pleaded the general issue, and adopted the answers of his codefendant, the Southern Pine Lumber Company, in so far as applicable. Mosely pleaded the general issue and the statute of limitations of five and ten years. He also prayed to have corrected the deed from himself to Joe Adams, as to which latter plea the Louisiana & Texas Lumber Company interposed the defense of estoppel and the statute of limitation of four years. Bennett pleaded the general issue and the statute of limitations of five and ten years, and sought to have corrected certain alleged mistakes in his deed to Alexander, as to which latter plea the Louisiana & Texas Lumber Company pleaded estoppel and the statute of limitations of four years. So far as the record shows, no answer was filed by the defendant Joe Adams. The foregoing statement of the pleadings is sufficient for the purpose of disposing of the issues presented on this appeal. Upon the trial, the court charged the jury to return a verdict for the plaintiff unless they found for the defendants or some of them for all or some portion of the land under their plea of the statute of limitation of ten years, as to which they were specifically instructed in the charge. The jury returned a general verdict for plaintiff for all the land sued for, upon which judgment was rendered from which, their motions for a new trial having been overruled, all of the defendants appeal.

No objection is made to that part of the charge instructing the jury to find for the plaintiff unless its title as to all or some of the defendants, and as to all or some of the land, was defeated by their defense of the ten years' statute of limitation. We find, as a conclusion of fact, that the appellee was the owner of all the land sued for, and entitled to recover the same, unless its right was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

defeated, as charged by the court, by the defense of the statute of limitation of ten years. As to this issue, we have examined the evidence with great care, especially so in view of the fact that the assignments of error present the single issue of the sufficiency of the evidence to support the verdict. As a result of such examination, we find, as a conclusion of fact, that none of the defendants were shown by the evidence to have had such possession and occupation of the land sued for, or any part thereof, as to give title to the land, or any part of it, under the ten years' statute of limitation. This finding is made in consideration of the verdict of the jury, which is sufficiently supported by the evidence. It would serve no useful purpose to enter upon a discussion, in making these conclusions of fact, of the evidence upon these issues. See the case of Nowlin v. Hall, 97 Tex. 443, 79 S. W. 806.

[1, 2] The first assignment of error is that the verdict is contrary to law. The second is that it is not supported by the evidence; and the third is that the verdict is contrary to the great preponderance of the evidence, especially as to Mosely and the Southern Pine Lumber Company. Appellee objects to the consideration of these assignments as too general, and the objection must be sustained. As was said in Wilson & Martin v. Lucas, 78 Tex. 294, 14 S. W. 690, these assignments, taken singly or all together, amount to no more than saying that the verdict is contrary to the law and the evidence; and are therefore too general to entitle them to consideration. White v. Wadington, 78 Tex. 160, 14 S. W. 296; Degener v. O'Leary, 85 Tex. 171, 19 S. W. 1004; Bennett v. La. & Tex. Lumber Co., 148 S. W. 1190. These objections to the verdict are stated in the same general terms in the motion for a new trial, and, under rule 68 for the district and county courts, were not entitled to be considered by the district court.

[3] The fourth and fifth assignments of error are presented together. They challenge the sufficiency of the evidence to support the verdict as to about 16 acres in the Richardson tract, and about 18 or 20 acres in the Allen Rodgers tract, actually inclosed and cultivated by the defendant Mosely, and also as to a tract of 10 acres actually inclosed and cultivated by defendant Bennett. The evidence on these issues was conflicting. Some of it tended to show that Bennett's inclosure was upon a tract of land belonging to him or his wife, adjoining the survey sued for, and did not extend over the line between the two, except possibly so as to include a portion of this survey so small as to be negligible under the doctrine of "de minimis." As to the Mosely claim of actual in-

closure, the evidence, as presented by the statement of facts and the briefs, is so confusing, uncertain, and indefinite that we cannot say that the jury erred in finding against his claim. This part of Mosely's claim seems to have been supported by his own testimony alone. Our conclusion, after a careful examination of the entire evidence, as presented by the statement of facts, is that the verdict is sufficiently supported by the evidence in regard to the claims of the defendants Mosely, the Southern Pine Lumber Company, and Bennett, as to the lands in actual inclosure. The fourth and fifth assignments of error are therefore overruled.

Although we have not considered the first, second, and third assignments of error, for the reasons stated, our conclusions of fact from the evidence necessarily dispose of the same contrary to appellants' contention. Finding no error, the judgment is affirmed.

Affirmed.