ST. LOUIS, B. & M. RY. CO. v. BELL.*
(No. 7041.)

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1916. Rehearing Denied Feb. 3, 1916.)

1. MASTER AND SERVANT ☞278—INJURIES TO SERVANT—SUFFICIENCY OF EVIDENCE—NEGLIGENCE—PROXIMATE CAUSE.

In a freight brakeman's action for injuries through breaking of a handhold, evidence *held* sufficient to support the jury's affirmative answers, favorable to plaintiff, to the special is-

sues on defendant's negligence and proximate cause of injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. ☞278.]

2. DAMAGES ☞130 — PERSONAL INJURIES — EXCESSIVE VERDICT.

In a freight brakeman's suit for injuries when a handhold broke, precipitating him to the ground with great force and violence, verdict for $12,500 was not so excessive as to show that the jury was actuated by an improper motive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. ☞130.]

3. TRIAL ☞133—REMARK OF COUNSEL.

In a freight brakeman's action for injuries, where counsel for the railroad mentioned that an annuity equal to the full earning power of plaintiff could be purchased for $10,000 or $11,-000, whereupon one of plaintiff's attorneys stated that he would like to know in that connection who would buy an annuity for him, but thereafter stated to court and jury that he made the remark in jest, and withdrew it, requesting the court to instruct the jury not to consider it, which was done, there was no error, there being nothing in the size of the verdict showing the jury were influenced.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. ☞133.]

Appeal from District Court, Harris County.

Suit by Louis W. Bell against the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for appellant. John Lovejoy and Presley K. Ewing, both of Houston, for appellee.

McMEANS, J. Louis W. Bell brought this suit against the St. Louis, Brownsville & Mexico Railway Company, to recover damages for personal injuries sustained by him. Plaintiff alleged, in substance, that he was in the employment of defendant in the capacity of freight brakeman on defendant's train running between Corpus Christi and Robstown; that while said train was running at its ordinary speed, plaintiff undertook, in the discharge of his duties, to climb down from the top of a box car of said train, in order to see about a hot box on one of the cars of said train, and that in doing so, and proceeding in the customary and usual manner, he took hold of the handhold on top of said box car, when the part of the car on which said handhold was placed suddenly and unawares to him broke, separated, and came apart, releasing the handhold and the small piece of timber to which it was attached, whereby he was thrown and caused to fall from said train and to strike the ground with great force and violence, and to suffer the injuries of which he complained. He further alleged:

"That the part of said car which broke, separated, and came apart and the handhold which was released were each and both defective and insufficient, in that the materials in the construction of such part of said car were unsound and unsuitable, and in that such part of said car was imperfectly constructed, and in that said handhold was improperly attached to said car, and in that such part of said car had been 'cornered,' or otherwise injured, so that it was weak and unsubstantial, and liable to break, separate, or come apart, and thereby release said handhold and the small piece of timber to which it was attached. That such defective and insufficient condition of said car and handhold was known, or in the exercise of ordinary care would have been known, to the defendant or agents or employés representing it in that behalf, within a reasonable time to have been remedied before the injury herein complained of, and such defects and insufficiencies so existing at the time of such injuries to plaintiff were each and all due to negligence of the defendant towards him. That aforesaid injuries to plaintiff were proximately caused to him by the negligence of the defendant in the particulars aforesaid, severally and collectively, and would not otherwise have happened."

The answer of the defendant consisted of a general denial of the allegations of plaintiff's petition. The case was submitted to a jury upon special issues, and upon the return of their answers, all of which were favorable to plaintiff, the court entered judgment in plaintiff's favor for $12,500, being the amount found by the jury as reasonable compensation for the injuries sustained by him. From this judgment the defendant has appealed.

The fifth, sixth, and seventh special issues submitted by the court to the jury, all of which were answered in the affirmative are as follows:

"(5) If the car was so defective or insufficient, would the defendant, or any of its agents or employés representing it in that behalf, in the exercise of ordinary care have known thereof after the car was received by it, and before it was taken into and carried as a part of the train in question?

"(6) If the car was defective or insufficient, as above submitted, was its being carried in this train in question in that condition due to negligence on the part of the defendant—that is, due to a failure on its part to exercise ordinary care to see that such car was in reasonably safe condition?

"(7) Was negligence on the part of defendant as above submitted, if any, a proximate cause of alleged injuries to plaintiff; that is, a cause without which such injury would not have happened, and from which such injury to him or some like injury might reasonably have been anticipated as a natural and probable consequence?"

[1] Appellant by its first assignment of error assails the action of the court in refusing to grant its motion for a new trial, the contention being that the affirmative answers of the jury to the above issues were unsupported by any evidence. The evidence in the record justifies the conclusion, and warranted the jury in finding that when plaintiff attempted to descend on the side of the car, the top handhold, together with a part of the car to which it was fastened, separated from the car, thus causing plaintiff to fall; that the part that broke and the fastenings of the handhold were defective and insufficient, in that the materials in the construction of same were unsound and unsuitable, and the handhold was improperly attached to the car. The train had only shortly before plaintiff fell left Corpus Christi, which is an inspection

point for defendant, and the car in question had been in defendant's possession a sufficient length of time for it to have been properly inspected. While the evidence does not show whether the car had in fact been inspected, the jury were warranted in finding that the defects which allowed the handhold to pull out, and thus cause plaintiff to fall, could have been discovered by a reasonable inspection, and that the car was incorporated in and carried in the train in the condition that it was by reason of the defendant's failure to exercise ordinary care to see that the same was in a reasonably safe condition; that such failure was negligence, and such negligence was the proximate cause of the injuries sustained by plaintiff. Nowlin v. Hall, 97 Tex. 441, 79 S. W. 806. The assignment is overruled.

What we have said above sufficiently disposes of the second assignment of error, which in a different form presents the same contention as the first.

[2] The third assignment complains that the verdict is so excessive as to manifest that the jury in making their award were not governed by the testimony, but by sympathy for the plaintiff, prejudice against the defendant, or some other improper motive. We have examined the evidence upon the issue of the extent of plaintiff's injuries, and find therefrom that the amount allowed the plaintiff was not more than to reasonably compensate him. Certainly it cannot be found that the award was so large as to indicate that the jury were actuated by an improper motive in fixing the amount of his compensation. The assignment is overruled.

[3] While defendant's counsel was addressing the jury and discussing the measure of damages and the evidence as to the amount that would reasonably compensate the plaintiff for his injuries—

"he mentioned what was deemed by him to be a mathematical calculation that an annuity equal to the full earning power of the plaintiff could be purchased for $10,000 or $11,000."

Whereupon one of the plaintiff's attorneys interrupted the counsel with the statement that he would like to know, in that connection, who would buy an annuity for him. To this remark defendant excepted, whereupon plaintiff's said attorney stated to the court and jury that he made the remark in jest, and withdrew it, and asked the court to instruct the jury not to consider it, which the court did. The fourth assignment is predicated upon the refusal of the court to grant to defendant a new trial on account of the above remark of plaintiff's counsel, the contention being that the remark had the effect of presenting to the jury, as a basis for a recovery, a matter not embraced in the pleadings, and that the same was highly prejudicial to the rights of the defendant, and tended to influence the jury in their finding of the amount of plaintiff's damages. We think the assignment is without merit. We must assume that the jury gave heed to the request of plaintiff's counsel and the admonition of the court, and that they did not permit the remark complained of to influence them in fixing the compensation they allowed, and it is our opinion, based on the evidence, that there is nothing in the size of the verdict to indicate that the jury were influenced by the remark. The assignment is overruled.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.