**NORTHERN ASSUR. CO., LTD., et al. v. LAWRENCE.  (No. 2545.)***

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925. Rehearing Denied Jan. 6, 1926.)

1. **Appeal and error** ⟐1002—**Court of Civil Appeals cannot set aside verdict and judgment after submission to jury of issues on which evidence was conflicting.**

In action to recover on insurance policies, where pleadings justified introduction of evidence on issues of mistake, misrepresentation, and fraud, Court of Civil Appeals has no authority to set aside verdict and judgment after lower court had submitted such issues on conflicting evidence to jury.

2. **Appeal and error** ⟐1002—**Jury's finding, if sustained by evidence, is conclusive on court of Civil Appeals, though evidence is conflicting.**

In action to recover on insurance policy, where issue of whether insurance company knew that purpose of insured was to insure goods left for cleaning and pressing, and that policies were issued with full knowledge thereof, jury's finding, sustained by evidence, is conclusive on Court of Civil Appeals, though evidence is conflicting.

3. **Fraud** ⟐58(1)—**Fraud proved as any other fact.**

Fraud may be proved as any other fact under the same rules of evidence.

4. **Insurance** ⟐129—**Insurance company bound by acts, conduct, and representation of its agents.**

In action on insurance policy, question as to intention of insurance company relative to inclusion of goods in terms of policy was not material, since they were represented by their agents, and were bound by their acts, conduct, and representations.

5. **Evidence** ⟐317(4)—**Excluding hearsay reasons for cancellation of policy was not error.**

In action on insurance policies, exclusion of testimony as to why former policy had been canceled was not error, since fact that policy was issued and canceled was in evidence, and reasons could only be shown by witness as hearsay.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Suit by J. W. Lawrence against the Northern Assurance Company, Limited, and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Locke & Locke, of Dallas, and Lumpkin & Trulove, of Amarillo, for appellants.

F. P. Works and L. C. Barrett, both of Amarillo, for appellee.

RANDOLPH, J. The appellee, in June, 1918, filed two suits in the county court of Potter county, Tex.—one against the Commercial Union Fire Insurance Company and the other against the Northern Assurance Company, Ltd., which suits were afterwards consolidated by agreement of parties, and tried together as one suit. On trial, verdict and judgment having gone against them, the insurance companies appealed to this court. In this court the hearing resulted in the judgment of the trial court being reversed and remanded for a new trial. 209 S. W. 430. On the second trial the plaintiff again recovered judgment, and the companies have again appealed.

The controlling and material questions and the questions upon which the defendants rely to defeat plaintiff's cause of action are: Did the terms of the policies of insurance entitle the plaintiff to recover for the loss of clothing left with him for cleaning and pressing which were destroyed by fire? And, if not, was the plaintiff entitled to recover the value thereof by reason of the representations made by the agents of appellants that the policies did cover and include losses by reason of the burning of said clothing?

It is clear, as held on the former appeal, that the provisions of the policies did not include loss occasioned by the destruction of such clothing. The property covered by said policies is described in the policies as follows:

"$400.00 on his stock of merchandise, consisting principally of display woolens and other merchandise not more hazardous, such as is usually kept for sale in a tailor shop. * * * "

It was further provided in said policies that they should be void if the interest in said property of the claimant was other than unconditional and sole ownership.

After the reversal of the first appeal by this court, the plaintiff amended his petition in an attempt to comply with the requirements of the opinion of this court. In discussing the fact that the description of the property insured as made in the policies did not include the goods burned, Judge Boyce, for this court, said:

"If it was the intention of the parties to contract for the insurance of the goods and this intention, by mutual mistake, or mistake

on the part of the appellee and fraud or inequitable conduct on the part of appellants, was not expressed in the policies, then appellee, in order to recover, must set up such facts as would authorize a reformation of the policy, and seek recovery thereon as if it was reformed to express the terms of the contract intended. Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020; Delaware Insurance Co. v. Hill [Tex. Civ. App.] 127 S. W. 286, 288; Conn v. Hagen, 93 Tex. 334, 55 S. W. 325; Pomeroy's Equity Jurisprudence (3d Ed.) § 1376."

Plaintiff in his amended petition sets up the mistake of the parties to the contract, and the misrepresentations and fraud on the part of the agents, substantially as follows:

That at the time of the issuance of the policies the defendants had notice of all facts pleaded, and knew that the plaintiff was not the absolute owner of the goods except in a qualified way; that he had his lien thereon for cleaning and pressing the clothing; that this fact was well known to all parties to said policies at the time they were issued, and that the money mentioned in said policies was so paid to the defendants while they well knew the condition of the title to same; that, knowing all such facts, the defendants issued said policies, accepted said premiums and money paid for said policies, and have kept the same, and in equity and good conscience ought not to be allowed to dispute the fact that they insured said goods under the defective description, mentioned in said policies, if same are defective. Plaintiff further alleges that, if the defendants did know that they were not properly describing said goods in said policies, then plaintiff alleges that defendants represented to plaintiff that they had written said policies so as to cover said goods and indemnify against loss, and thereby misrepresented the facts to plaintiff, and induced plaintiff to believe, and he did so believe, that they had written said policies so as to describe said goods as to indemnify against loss, and that plaintiff relied upon said representations made by said agents, and was thereby induced to part with his money paid out on said policies, and that the defendants are estopped thereby from claiming that such goods were not insured; that at the time said policies were issued plaintiff did not know how to write policies, and did not understand when a proper description of said goods was made, but was assured by defendants' agents that said policies were so written as to include the goods burned, and, not knowing and not understanding such matters, he did rely upon such representations, and was induced thereby to pay out his money on said policies; that, if defendants did know that the goods burned were not properly described in said policies, then plaintiff says that said representations were false

and fraudulent if said goods were not properly described; that plaintiff believed they were true, and was induced thereby to part with the money paid out for said policies; and that defendants received said money with said knowledge, and appropriated same to their own use and benefit, and in good conscience and in equity this court ought to, and is hereby requested to, reform said policies, and hold defendants liable as though said goods were properly described in said policies.

[1] The evidence upon the issues of mistake, misrepresentation, and fraud is conflicting, but, the court having submitted to the jury the issues as to whether or not the agents of the insurance companies believed at the time the policies were issued that they covered clothing left with appellee by his customers for cleaning and pressing, as to whether or not said agents intended to make said policies include and insure such goods, as to whether or not the agents represented to plaintiff that said policies included said goods, as to whether plaintiff relied upon said representations and believed them to be true, as to whether defendants' agents knew at the time of the issuance of the policies the condition of the ownership and title to the clothing held by the insured for the purpose of being cleaned and pressed only, and the jury having answered all of said issues in the affirmative, and the pleading fully justifying the introduction of the evidence and authorizing the introduction of the evidence, we have no authority to set aside the verdict and judgment. Nowlin v. Hall, 97 Tex. 441, 79 S. W. 806; Hodde v. Malong Real Estate Co. (Tex. Civ. App.) 196 S. W. 347; Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290, 291.

[2] The issue as to whether the insurance companies knew that the purpose of appellee was to insure goods left with him for cleaning and pressing, and that the policies were issued with full knowledge on the part of the companies of such purpose, and the jury's finding being sustained by evidence, though the evidence is conflicting, is conclusive on us. Mass. Bonding & Ins. Co. v. Texas Finance Corporation (Tex. Civ. App.) 258 S. W. 250; Ætna Ins. Co. v. Brannon, 99 Tex. 393, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020; Conn v. Hagan, supra.

[3] Fraud may be proved as any other fact and under the same rules of evidence. Sparks v. Dawson, 47 Tex. 139, 144; Rider v. Hunt, 6 Tex. Civ. App. 238, 25 S. W. 315; Rohrbough v. Leopold, 68 Tex. 254, 4 S. W. 460, and authorities therein cited.

[4] Appellants allege error in that the trial court rendered judgment upon conflicting answers that were to the jury submitted. From the issues submitted it will be seen that the trial court submitted to them the question of the conduct and representations of the agents and their intentions, and the

intention of the plaintiff. He then submitted to them the question as to whether the fendants intended that the policies should include the goods burned. Thus the jury answered in the negative. The jury evidently, as did the court, distinguished between the intent of the agents and the intent of the principals. The jury having found that the agents intended to include the goods that were burned within the terms of the policy, it did not necessarily follow that the intention of the defendants was the same. Under the evidence it was not a material inquiry as to what the intention of the defendants was. They were represented by their agents, and could be, and were, bound by the acts, conduct, and representations of such agents.

[5] Appellants also allege error on the part of the trial court in excluding the evidence of W. A. Askew as to the conversation had with J. C. Haley with reference to the first insurance policy, which was later superseded by the policy sued on. Askew testified that he "wrote an insurance policy for Brooks and Haley about 1916. I am sure that I did have a conversation with Haley at the time with reference to what it would cover. I know I had that conversation with him with reference to whether the policy would cover goods there for cleaning and pressing, but just what it was—I know I had a conversation about what it would cover, but as to recollecting it— * * * As to what became of the policy we wrote, we sent in a report, and the policy was asked to be canceled, and it was returned." The fact that the witness told Haley that the policy would not cover goods held for cleaning and pressing was admissible, and this was testified to by the witness. What became of the policy and that it was canceled were in evidence. The reasons for the cancellation could only be shown by the witness as hearsay; hence the court did not err in excluding it.

We have carefully considered all of appellants' propositions and assignments, and, finding no reversible error, overrule them, and affirm the judgment of the trial court.