## TURNER v. CHARBONNEAU.   (No. 2599.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 3, 1926.)

1. Appeal and error ⬯1001(1).

Jury's finding, supported by evidence, cannot be set aside on appeal.

2. Bills and notes ⬯497(1).

There being no evidence to the contrary, presumption obtains that note was indorsed prior to its maturity.

3. Sales ⬯92.

Maker and payee of purchase-money note may agree that portion of consideration shall be returned and credited on note.

4. Bills and notes ⬯525—Evidence held not to show that transferee of purchase-money note took with notice of defects of stallion and jack, or that stallion had been returned.

Evidence *held* not to show that holder took note with notice of infirmities of stallion and jack for which note was given or with knowledge that the stallion had been returned to payee.

5. Bills and notes ⬯497(2)—Maker has burden of showing notice to transferee of purchase-money note of defects and return of property.

Burden to show that holder of note had knowledge of infirmities in stallion and jack for which note was given, and that stallion had been returned to payee, was on defendant maker.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by W. M. Charbonneau against A. L. Turner. From a judgment for plaintiff, defendant appeals. Affirmed.

Jack M. Randal, of Memphis, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

RANDOLPH, J. This suit was filed by appellee in the district court of Lubbock county, Tex., against appellant to recover upon a note for $500, interest and attorney's fees, bearing date March 9, 1920, due and payable November 15, 1921, payable to the order of A. F. McDonald. Plaintiff alleges that said note was transferred to him by said McDonald for a valuable consideration and before maturity.

Defendant answered by general demurrer, general denial, and by special answer: (1) That the note in suit was never in fact transferred by McDonald to the plaintiff, but that same was a feigned and collusive transaction, and that the plaintiff was not the owner of the note; (2) that, if said note was transferred to plaintiff, it was so transferred long after the maturity thereof, and that the plaintiff was fully aware of the infirmi-

ties in said note and of the title of said A. F. McDonald to it; and (3) by way of confession and avoidance, in that the note was given in payment for a stallion and jack, upon an express warranty that each was a good breeding animal and colt getter, and, further pleading failure of consideration and breach of warranty, in that said animals were diseased and were not good colt getters, etc., and charging plaintiff with knowledge of said infirmities and disease of said stallion and jack.

As to appellant's contention that the evidence does not show that the plaintiff acquired the note before maturity, K. E. McDonald testified:

"These notes were transferred to Mr. Charbonneau some time after they were given, something like three weeks afterwards."

The witness W. F. Charbonneau testified:

"We acquired one of these notes handed me (there were two notes given in the purchase of the stallion and jack), but I am not sure whether we had one of them or not. I don't know the exact date that we got those notes, but it must have been within a few weeks or a couple of months after the sale. It might have been in April following that sale. We held the note we had until after it came due, which was about November 1, 1921."

The jury, answering a special issue, find that the note was transferred to the plaintiff prior to November 15, 1921, the date of its maturity.

[1] There being evidence to support the finding of the jury, we have no authority to set aside the verdict or finding. George v. Thompson (Tex. Civ. App.) 211 S. W. 835; Hodde v. Malone Real Estate Co. (Tex. Civ. App.) 196 S. W. 347; Nowlin v. Hall, 79 S. W. 806, 97 Tex. 441; Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290.

The statement of facts does not contain a copy of the note or of its indorsement by McDonald to the plaintiff. The following only appears in the statement of facts:

"Plaintiff offered in evidence two notes, dated March 9, 1920, due November 15, 1920, and 1921, respectively, signed by A. L. Turner, and payable to A. F. McDonald, with McDonald's indorsement, in the sum of $500 each."

[2] Even if the evidence failed to show when the plaintiff acquired the note, there being no date to the transfer, the presumption is, in the absence of evidence to the contrary, that the indorsement was made before maturity. Hutchins v. Flintge, 2 Tex. 473, 47 Am. Dec. 659; Rhode v. Alley, 27 Tex. 443; Watson v. Flanagan, 14 Tex. 354.

[3] Appellant asserts "that, where a contract is not clearly divisible or separable, there can be no such thing as a partial rescission of it," and to support this proposition he cites Black on Rescission and Can-

cellation, vol. 2, §§ 583, 584. Mr. Black was applying this rule to parties litigant who were attempting to rescind a part of a contract while they were asserting rights under another part. This does not apply, and cannot be made to apply, to the transaction between appellant and McDonald. They might make an agreement, binding between themselves, whereby a portion of the property might be returned and credit allowed for such return and a part of the purchase price abated. K. E. McDonald, son of A. F. McDonald (who had died subsequent to the transaction of the return of the horse by Turner) testified:

"The agreement had between my father and Turner, at which time I was present, was that he, Mr. Turner, was to have credit on his notes for $500.00. Mr. Turner kept the jack but nothing further has been paid on the notes."

[4, 5] We do not think that the evidence shows at all that the plaintiff took the note with full knowledge or with notice of the infirmities of the stallion and jack, or with any knowledge that the stallion had been returned to McDonald. The burden was on the defendant to show that the plaintiff had this knowledge or in some way that he was charged with knowledge, and, if the evidence fails to show this, he fails in carrying his burden. Buchanan v. Wren, 30 S. W. 1077, 10 Tex. Civ. App. 560.

Finding no reversible error, we affirm the judgment of the trial court.