## SONORA REALTY CO. v. FABENS TOWNSITE & IMPROVEMENT CO. (No. 2235.)

Court of Civil Appeals of Texas. El Paso. Feb. 14, 1929.

Turney, Burges, Culwell & Pollard, of El Paso, for appellant.

Isaacks & Lattner, of El Paso, for appellee.

PELPHREY, C. J. Appellee sued appellant and Z. T. White in the Forty-First district court of El Paso county, Tex., for the sum of $3,600 alleged to be due it as commission for procuring a tenant for a certain building belonging to appellant located on West San Antonio street in the city of El Paso, Tex.

Upon a trial before a jury, a verdict was returned in favor of appellee and against appellant for $3,000, and, upon instruction, in favor of Z. T. White.

From a judgment rendered upon the verdict, the Sonora Realty Company has appealed to this court.

### Opinion.

There are two questions raised by appellant, namely: (1) That the evidence is insufficient to support the verdict and judgment; (2) that the verdict was the result of prejudice and not founded on the facts of the case.

It is the province of the jury to pass upon the credibility of witnesses, and its determination will not be disturbed on appeal. Edrington v. Kiger, 4 Tex. 89; Anderson v. Anderson, 23 Tex. 639; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447; Gurley v. Pilgrim Oil Co. (Tex. Com. App.) 285 S. W. 283.

And it appears to be well settled, though there seems to be some confusion arising from the language used by some of the courts, that an appellate court will set aside the finding of a court or the verdict of a jury only in cases where the finding or verdict is against such a preponderance of the evidence that it is clearly wrong. Turner v. Ontiberos (Tex. Civ. App.) 193 S. W. 1089; American Nat. Ins. Co. v. Fulghum (Tex. Civ. App.) 177 S. W. 1008; Missouri Pac. Ry. Co. v. Somers, 78 Tex. 439, 14 S. W. 779; Houston & T. C. Ry. Co. v. Schmidt, 61 Tex. 282; Zapp v. Michaelis, 58 Tex. 270; Short v. Kelly (Tex. Civ. App.) 62 S. W. 944; Kohlberg v. Awbrey & Semple (Tex. Civ. App.) 167 S. W. 829.

Do the facts before us come within the scope of the above rule?

Garrett's testimony, we think, is sufficient to support the verdict, if uncontradicted, and the reason, if any there is, why the verdict should not stand arises from the fact of his contradiction by so many witnesses, some of whom are shown to have no interest in the result of the suit.

If the case was before us merely on the testimony of Garrett and White, counsel for appellant admits that he would not ask that the verdict be disturbed, and the matter would be very simple as far as our power in the matter is concerned; but the condition in which we find the record presents a question which we admit is very difficult.

Bearing in mind, however, that the courts of our state have at all times manifested extreme caution in disturbing the findings of juries and have always done so reluctantly, American Nat. Ins. Co. v. Fulghum, supra; Nowlin v. Hall, 97 Tex. 441, 79 S. W. 806; Lee v. International & G. N. Ry. Co., 89 Tex. 583, 36 S. W. 63, we are of the opinion that

966

while the record shows the verdict to be against the preponderance of the evidence, still it is not shown to be *clearly wrong* to that extent which would justify us in disturbing it.

■ There is a sharp conflict between the witnesses Garrett and White as to whether Mr. White gave Garrett a blueprint and the keys to the building. It can readily be seen that whether or not these things were delivered to Garrett by White would be a question to which a jury would attach considerable importance in their consideration of the question of Garrett's employment.

We find from an examination of the testimony of Mr. Asquith and Mr. Watkins that Garrett is by them corroborated, and that they, in a measure at least, contradict the testimony of Mr. White.

Asquith testified that Garrett delivered either to him or to some one a blueprint of the building, and Watkins testified that Garrett was in possession of a blueprint.

Mr. Asquith further testifies that Garrett and he went through the building and examined it in its entirety.

There being no explanation of how Garrett came into possession of the blueprint other than the one offered by him, we think the jury was justified in believing his version and upon so doing they would naturally doubt that part of Mr. White's testimony in which he denied ever delivering the blueprint to Garrett. The same reasoning would apply to Garrett's possession of the keys, for the jury probably believed, and we think with justification, that a building such as the one in question would have been kept locked, and there being no explanation of how Garrett and Asquith were able to enter and inspect the building other than Garrett's, the jury would, as between Garrett and White, believe Garrett.

Taking the record as a whole and keeping in mind the above references to the testimony, we are of the opinion that this is not a case in which we would be justified in setting aside the jury's verdict because against the preponderance of the evidence.

■ Appellant also contends that the circumstances surrounding the returning of the jury's verdict into court is another reason why the verdict should not be allowed to stand.

The issue between the Sonora Realty Company and the Fabens Townsite & Improvement Company was submitted to the jury for determination, but they were instructed to return a verdict in favor of Z. T. White.

The bill of exceptions shows that when they returned a verdict it was against both the Sonora Realty Company and White; that the court called the matter to their attention and sent the jury out with a prepared form of verdict finding against the Sonora Realty Company, but in favor of White; that upon their return, they returned the part of the verdict against the realty company, as prepared, but drew a line through that part finding in favor of White; that the court then required the jury to write in the stricken part and received the verdict.

There is no explanation in the record of the jury's action, and the trial court, having the jury before it, evidently did not agree with appellant that their action conclusively showed either that they were basing their verdict on prejudice and not on facts, or that they were too stupid to understand the court's charge.

In matters of this kind a great deal must naturally be left to the discretion of the trial court, and we find no abuse of that discretion here.

We have read the able briefs with care, read a great number of authorities, have scrutinized with care the testimony of the different witnesses, and have decided that no error justifying us in reversing the case is presented.

The judgment of the trial court is therefore affirmed.