**SIEGEL v. HUEHNER et al. (No. 2276.)**

Court of Civil Appeals of Texas. El Paso.
May 2, 1929.

McAskill, Williams & Alter, of San Antonio (Geo. Siegel and William Alter, both of San Antonio, of counsel), for plaintiff in error.

Henry & Bickett, of San Antonio, for defendants in error.

WALTHALL, J.  On June 27, 1927, defendants in error, Anna B. Huehner and W. R. Wiseman, brought this suit against George Siegel to cancel a lease contract to two floors of a building in San Antonio, Tex.  So far as necessary to state provisions of the lease contract, it provides as follows: Its date is October 14, 1926; George Siegel sublets to Anna B. Huehner and W. R. Wiseman a two-story building and known as Nos. 215 and 215½ Alamo Plaza; the rental price is stated to be $400 per month, payable monthly in advance, beginning January 1, 1926, until March 31, 1927; during the above-stated period lessees to occupy only the street floor, and except that part occupied by Jacobs & Lipoff; beginning April 1, 1927, lessees to have both floors of the building, excepting the part occupied by Jacobs & Lipoff, and for which lessees were to pay in advance as rentals $600 per month until March 31, 1928.  The lease provides for subsequent years, but the case having been tried and judgment entered on November 8, 1927, we need not state the lease provisions for a later date.  The lease provides for payment of attorney fees in the event of suit.

Lessees agree to keep premises in good repair, including the roof.

Defendants in error, lessees under the lease, alleged that prior to and at the time of making the lease contract, plaintiff in error, Siegel, represented to them that the roof of the building leased was in first-class condition, that he had just expended several hundred dollars on work and materials in repairing the roof, that it was in absolutely good condition, and that the only possible expense to them in connection with the roof would be the ordinary and incidental repairs that might become necessary during the term of the lease.  They allege that they believed and relied upon said statements as being true and did not inspect the roof nor have any opportunity to do so; that the roof was in bad condition, was sagging down, had leaks in it, and was in immediate danger of falling in, and in such condition as would have damaged merchandise and fixtures from leaks and was otherwise dangerous to property and persons, and had been condemned by the city authorities as unsafe and dangerous.  They alleged that said representations as to the condition of the roof were untrue.  In their petition they say: "Plaintiffs have heretofore tendered and here now tender to the defendant, as rentals upon said premises, the sum of $400.00 per month for each of the months, April, May and June of the year 1927; but that defendant has refused and still refuses to accept the same; that the plaintiff, Anna B. Huehner, offers and tenders to pay to the defendant the sum of $400.00 per month for such length of time as she remains in down stairs premises, and that the reasonable rental value of said down stairs premises is not in excess of $400.00."  Appellees prayed for a cancellation of the lease, for cost, and relief, general and special.

Plaintiff in error answered by exceptions general and special, general denial, admitted the execution of the lease contract; admits that he advised defendants in error that a sum of money had been spent in repair of the roof just prior to the lease; denied that any statement was made with reference to the future condition of the roof, or fraudulent representations with reference thereto; alleges that defendants in error have occupied the premises from the date mentioned in the lease up to and including this date, and that same constitutes a waiver of any cause of action, misrepresentation, or fraud, and by so doing they have ratified said lease, and are now estopped from setting up any misrepresentations; denies that they had no opportunity to inspect the roof; and alleges that Anna B. Huehner informed them that she had inspected the premises just prior to signing the lease, that Anna B. Huehner discovered a leak in the roof and complained to him which he repaired, and the repair approved by the city building inspector, but that she desired the inspector to guarantee the repairs for five years, which the inspector refused to do.

Plaintiff in error by cross-action sued for the monthly rentals for eight months beginning with April and ending with November, 1927, at $600 per month, and attorney's fee, the rentals aggregating $4,800; that premises No. 215½ is unoccupied, and defendants in error are making no effort to have same occupied, and that the reasonable rental value is being lost pending this suit, and that the roof now needs repair, and that by reason thereof plaintiff in error asks for the appointment of a receiver to collect the reasonable rent and rent the unoccupied part.

By supplemental petition defendants in error answered by general demurrer, general

denial, and filed a cross-action; alleged that the actual and reasonable rental value of premises No. 215 has been and is $400 per month; alleged that they have heretofore tendered said amount for each month beginning with April to the present time (November 2, 1927); and that they now make said tender as the rental due on No. 215, and deny liability for $600 per month and attorney fees.

Plaintiff in error by supplemental answer denied generally, and specially excepted to, the alleged tender as not made into court or to appellant, and that the alleged tender is arbitrary, and not in conformity with the contract; that the contract is an entirety and not severable, and for that reason the alleged tender is not a tender of the amount due under the contract; that the alleged tender is a waiver of any right of rescission of the contract, and is an affirmance of the contract, and leaves the construction of the contract the only question to be decided, and that under the contract a tender of $600 per month is the only tender that defendants in error can make; that the attorney's fees have not been tendered; made general denial; specially denied that any tender of any sum had been made to him, nor have defendants in error made any cash tender into court; specially denies an indebtedness of $400 per month, and alleges an indebtedness of $600 per month, and repleads other matters already pleaded; prays judgment on his cross-action for $4,800 as rentals and $420 as attorney's fees, and that this suit and judgment be not considered a waiver to sue for rent for the unexpired term under the contract.

Defendants in error by a first trial amendment alleged that upon the discovery of the matters alleged in their original petition they immediately tendered the premises to appellant which appellant refused to accept, and now tender same to appellant; that should a rescission be not made to No. 215, they ask a rescission as to No. 215½.

Plaintiff in error excepted to the first amendment on the ground that it does not appear that defendants in error have surrendered possession of said premises, and that they cannot be heard to affirm the contract by retaining possession and at the same time have a rescission; excepts that the contract as shown is not severable; makes general denial.

Defendant in error filed a second trial amendment, and pleaded in the alternative, in the event it should be held they are not entitled to the relief originally prayed for, they replead all matters as in their original petition; allege that premises No. 215½ (the upstairs to the premises) are of the rental value of $250 per month if in good repair as represented; that by reason of said false representations they are liable to appellees for said rental value, a total of $1,500; and ask that same be set off against any judgment against them.

Plaintiff in error excepted generally to the second trial amendment, and specially that if there was no fraud in the execution of the contract defendants in error are not entitled to damages, as it was their duty to keep the roof in repair; a suit for rescission excludes their right to sue for damages.

On special issues submitted the jury found:

1. Prior to the execution of the lease contract, plaintiff in error made the representation of fact to defendants in error that the roof of said premises was in good condition.

2. Said roof was not in fact in good condition.

3. Defendants in error believed and relied upon the truth of such statement.

4. If the plaintiff in error had not made such statement as to the condition of the roof, defendants in error would not have executed said lease contract.

5. At the time of the execution of the lease contract, defendants in error were ignorant as to the condition of the roof.

6. $360 per month would be the reasonable rental value per month of said premises, taken as a whole, for the months of April to November, inclusive, 1927, considering the condition of said roof as the same actually existed during such period.

In addition to the jury's findings, the trial court found, and so stated in the judgment: That the contract is not a divisible contract; that defendants in error did not seasonably rescind and tender the premises to plaintiff in error after the discovery of the alleged fraud; that defendants in error were not entitled to a rescission and cancellation of the lease contract, as to the entire premises or the upstairs store room (No. 215½); that the stipulated monthly rental is the sum of $600 per month for the entire premises, from April to November, both inclusive, 1927; that defendants in error have not paid the rentals for any of said months; that plaintiff in error is entitled to judgment against defendants in error for the amount of said rentals, less a sum allowed as an offset against same of $1,920; that plaintiff in error is entitled to recover judgment for said rentals in the sum of $2,880, and so entered judgment. Thereafter defendants in error entered a remittitur of $320, that is, $40 per month for the months sued for, to be deducted from the amount of the set-off of $1,920, allowed by the court, leaving the amount of the set-off in favor of them at $1,600, and the judgment against them at $3,200; the court thereupon, with the change as stated, entered final judgment denying defendants in error a rescission of the lease contract, and entered judgment for plaintiff in error for $3,200, with interest thereon from the 8th day of November, 1927, and all costs of suit. Siegel prosecutes this appeal by writ of error.

922

## Opinion.

██ The roof of the building not being in the condition as represented by plaintiff, the court, refusing a cancellation of the lease contract, and holding that the contract was not severable, submitted the measure of defendant in error's damage to be the reasonable rental value per month of the premises, taken as a whole, for the months sued for. Plaintiff in error submits that the measure of damages is the cost of putting the premises in the condition as plaintiff in error represented and contracted them to be when the lease contract was entered into. The condition of the roof at the time of making the contract was a material consideration for the contract. The jury found that defendant in error would not have leased the building had they known the roof was not as represented, so that, as said by the Dallas Court of Civil Appeals in Scottish-American Mortgage Co., Ltd., v. Taylor, 74 S. W. 564, the minds of the parties never met on the amount of rent to be paid, and stated the rule for the measure of damages to be the difference between the contract price and the market rental value of the land. In Fagan v. Whitcomb (Tex. App.) 14 S. W. 1018, in an action by the landlord against his tenant before the expiration of the rent term for injury to the rent premises, where the landlord had not made the repairs for which he was suing, the court adopted the rule stated by Wood in his Landlord and Tenant, p. 642, and stated the rule to be, not what it would be to put the property in statu quo, but the injury to the market value to his reversion, the loss he would sustain by reason of dilapidations if he went into the market to sell the reversion being the true criterion, and not as held by Lord Holt, that is, such sum as would be required to repair.

In Loyd v. Capps (Tex. Civ. App.) 29 S. W. 505, in a suit for damages for eviction by the landlord against his tenant for nonpayment of rent, in the absence of any special damage, the rule for the measure of damages is stated to be the difference in value of what the tenant agreed to pay for the use of the land and the value of the use of the land. Such would constitute the value of his contract. In that case Judge Finley refers to many cases so stating the rule. In 17 C. J. p. 853, § 170, it is said: "As a general rule the measure of damages (in defective performance) is the difference in value between what is tendered as performance and what is due as performance under the contract." We think the measure of damages as applied by the trial court might be properly applied under the facts of this case.

██ Under the evidence found in the record as to the tender of the reasonable amount found to be due for rent, it was not error to refuse to include attorney's fees as costs taxed against defendant in error. Plaintiff in error was claiming $600 per month as the amount due under the contract; defendant in error was claiming the amount due under the facts to be less than $600 per month. The trial on the facts developed that plaintiff in error's contention was not sustained. The amount due then was uncertain, unliquidated, and the amount due must be ascertained on the trial. Under such circumstances, it cannot properly be said that the defendants in error would be required to make payment or tender of that sum which might be due after deducting the proper amount from that claimed by plaintiff in error. Laning v. Iron City National Bank, 89 Tex. 601, 35 S. W. 1048.

·What we have said above renders it unnecessary to discuss other propositions.

The case is affirmed.