## WISEMAN et al. v. SIEGEL.

### No. 2416.

Court of Civil Appeals of Texas. El Paso.
April 10, 1930.

Rehearing Denied May 1, 1930.

Henry, Bickett & Bickett, of San Antonio, and L. B. Wiseman, of Floresville, for appellants.

D. A. McAskill, William Alter, and McAskill, Williams & Alter, all of San Antonio, for appellee.

HIGGINS, J.

This is a suit by Siegel, as lessor, against appellants, as lessees, to recover rents. The parties have heretofore had litigation arising out of the leaky condition of the roof of the house leased. See opinion reported in 16 S.W.(2d) 919, affirming the judgment of the trial court.

Subsequent to the affirmance of that judgment Siegel undertook to repair the roof, and later filed this suit to recover the contract monthly installments of rent from December 1, 1927, to May 31, 1929.

Appellants set up that the roof was still leaky and claimed damages in offset. They tendered $400 per month.

The jury found, first, the roof had not been put in good condition; and, second, the reasonable rental value of the premises was $525 per month, for the months from December 1, 1927, to May 31, 1929, considering the actual condition of the roof during that period. Upon these findings judgment was rendered in Siegel's favor, based upon a monthly rental of $525 per month.

The only error here assigned is that the second finding is contrary to the great weight and overwhelming preponderance of the evidence, and for that reason should be set aside.

In American Ins. Co. v. Fulghum, 177 S. W. 1008, this court said: "Our courts have at all times manifested extreme caution in disturbing the findings of a jury where there is a conflict in the evidence and always do so reluctantly; yet they have the authority (Nowlin v. Hall, 97 Tex. 441, 79 S. W. 806; Lee v. Railway Co., 89 Tex. 583, 36 S. W. 63) and it is their duty to interfere and set it aside where the verdict is against such a preponderance of the evidence that it is clearly wrong. Railway Co. v. Somers, 78 Tex. 439, 14 S. W. 779; Railway Co. v. Schmidt, 61 Tex. 282; Zapp v. Michaelis, 58 Tex. 275; Short v. Kelly [Tex. Civ. App.] 62 S. W. 944; Kohlberg v. Awbrey & Semple (Tex. Civ. App.] 167 S. W. 829."

In that case the verdict was set aside.

The evidence bearing upon the finding here questioned has been examined. A number of qualified witnesses for appellant testified as to their opinion of the rental value of the house with its roof in its present condition. Their testimony fixed such value lower than that found by the jury. On the other hand, the testimony of the appellee and his witness Patton supports the jury's finding.

In view of their testimony and some corroborating circumstances reflected by the record, this court would not be warranted in setting aside the finding here questioned.

Affirmed.