## OHIO CASUALTY INS. CO. v. STEWART.

### No. 1525.

Court of Civil Appeals of Texas. Waco.

Nov. 15, 1934.

Rehearing Denied Dec. 13, 1934.

874

Jos. W. Hale, of Waco, for appellant.

Weatherby & Rogers, Tom. P. Scott, and B. A. Garrett, all of Waco, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, R. H. Stewart, against appellant, Ohio Casualty Insurance Company, to recover on a fire insurance policy issued to him by appellant on a Franklin automobile, which was damaged and practically destroyed by fire. The liability of appellant was, by the terms of said policy, limited to $1,700. Appellant denied liability on the ground that certain recitals therein with reference to the description of the car insured and cost thereof to appellee were untrue, and upon the further ground of an alleged untrue statement in the proofs of loss submitted by appellee. The testimony on the latter issue was conflicting and no jury finding thereon was invoked. The case was submitted to a jury on special issues. The court, upon the answers returned by the jury thereto, rendered judgment in favor of appellee against appellant for the sum of $1,640. Hence this appeal.

## Opinion.

Appellant presents a group of assignments in which it contends that the policy sued upon contained false statements with reference to the description of appellee's car and the purchase of the same by him; that such state-

ments were concerning matters material to the risk; that the falsity of such statements rendered such policy void and wholly insufficient to authorize or support a recovery by appellee thereon; and that the court erred in refusing its request for a peremptory instruction. Appellant's contentions are based on recitals in the following paragraphs of the policy:

"V. The following is the description of the automobile:

| Year | Model | Trade Name | Type of Body (If truck state tonnage) | Serial Number | Motor Number |
|------|-------|------------|----------------------------------------|---------------|--------------|
| 1930 | ——— | Franklin | Rdster. | 37–193592 | 35–141708 |

| List Price $2885. | Number Cylinders 6 | |
|-------------------|---------------------|---|

"VI. The facts with respect to the purchase of the automobile are as follows:

"Purchased by the Assured, Month *Oct.* Year *1930.* New or Used *New.* Actual Cost to Assured Including Equipment *$3135.00.*"

Appellant's first specific contention in this connection is that the word "Year" over the figures "1930" in the first column, and the word "Model" over the blank line in the second column, of paragraph V above, constitute in legal effect a statement that appellee's car was a 1930 model, and that such statement was false. Appellant also contends that the statement in paragraph VI above that the actual cost of the car to appellee was $3,135 was false. No other statements therein are challenged.

Appellee purchased said car in October, 1930. He paid therefor the sum of $1,775 in cash and his used Packard car. He was at that time, and at the time of the issuance of the policy sued on, a dentist, and maintained an office in the city of Waco in which he was actively engaged in the practice of his profession. He disclaimed any technical knowledge of automobiles in general and also of this particular car. W. A. Fort, at the date of the purchase of said car by appellee and continuously thereafter, owned and operated an insurance agency in said city. Fort knew that appellee had purchased a new car and asked to be allowed to write the insurance upon it, to which he consented. Appellee testified affirmatively that W. A. Fort came to his office to get the information upon which to prepare the policy; that he told him he did not know a thing in the world about the technical de-

scription of his car, and referred him to one Sterling, from whom he purchased the same, and to the car itself in a downtown storage garage. He further testified that he did not name any amount for which the policy was to be written but left that entirely to Fort. Sterling testified affirmatively that he was the Franklin dealer at Waco; that W. A. Fort called on him in October, 1930, to ask for information to enable him to write a policy on appellee's car; that he was sure that he gave him all the information asked for, which was the serial number, the engine number, the model and price, including list price and delivered price; and that he told him the real terms of appellee's purchase. Said witness also testified that the list price of the car sold appellee was $2,885; that the delivered price thereof was $3,135, but that just about the time of the sale to appellee he was, for the first time, offering a special discount of $500 on such delivered price for a cash sale. He further testified that Franklin cars were not described or designated by yearly models. The Fort agency issued and delivered to appellee an insurance policy on his car. This policy expired in October, 1931, and said agency issued to appellee a renewal thereof. Appellee testified affirmatively, in substance, that he did not read either of said policies because he had referred the agent to the proper sources to obtain accurate information. Both these policies were issued by said agency for some company other than appellant. The Fort agency, for some reason, canceled the latter policy on January 6, 1932. W. A. Fort was at that time the authorized agent of appellant, with power to make contracts of insurance by countersigning and delivering policies effective at once. Apparently desiring to retain this particular business for his agency, Fort issued and delivered to appellee the policy sued on in this case in lieu of the policy so canceled. Appellee testified affirmatively that the first he knew of the cancellation of his former policy and the issuance of the one sued on was that Fort came to his office and told him, in substance, that he wanted the

policy appellee had on his car as he had written another policy for him in a different company; that not, a question was asked about the description of the car, its cost, or anything else; that the amount of insurance named in the face of the new policy was not even mentioned. He further testified that he never at any time told Fort that said car was a 1930 model, nor that he paid $3,135, or any other particular sum, therefor. Fort testified that the statements contained in the policy sued on with reference to the year, motor number, serial number, and actual cost of the car to appellee were taken from such former policy. While there were some conflicts in the testimony, such conflicts were immaterial in passing upon appellant's request for a peremptory instruction.

▆▆▆ Appellee contends that the testimony above recited showed prima facie at least that he was in no way responsible for the recitals in the policy which appellant claims were false; that he did not make any such statements to Fort; and that Fort had theretofore undertaken to acquire and did acquire from Sterling actual knowledge with reference to the model of his car and the cost thereof to him. Our courts have repeatedly and consistently held that where an authorized agent of an insurance company issues and delivers a policy knowing that the recitals therein are untrue, or that a condition exists which, under the terms of such policy, renders it null and void at the time of its issuance, the right to complain of the falsity of such recitals or to deny liability on account of the existence of such condition is waived. Our Supreme Court, in Wagner & Chabot v. Westchester Fire Insurance Co., 92 Tex. 549, 554, 555, 50 S. W. 569, 572, so held, and stated the reason for such holding in the following language: "The ground upon which the courts hold that such conditions are waived under the given state of facts is broadly stated in Insurance Co. v. Ende [65 Tex. 118], cited above, by Judge Stayton, in the following quotations from the authors named: 'To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as grounds of avoidance, is to attempt a fraud. This the courts will neither aid nor presume; and when the alternative is to find this, or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter. Such an issue is tantamount to an assertion that the policy is valid at the time of delivery and is a waiver of the known ground of invalidity,'—citing May, Ins. § 497. In support of the same proposition, Judge Stayton quotes as follows: 'The insurer is estopped from setting up the breach of any condition of the policy when at the time of its issue it knew that the condition was inconsistent with the facts, and the assured has been guilty of no fraud. * * * When the insurer issues a policy to the assured without any written application, containing conditions inconsistent with the risk, * * * it is estopped from setting up a breach of such conditions in defense of an action upon the policy,'—citing 2 Wood, Fire Ins. § 427. The proposition is sustained by a large number of authorities cited by the learned judge who wrote that opinion. Judge Stayton added the following: 'Under the facts shown to have existed, it must be held that the appellant, by receiving the premium for insurance with knowledge of the true state of the title of the property insured, is estopped from denying the right of appellee to recover on the ground that the interest of the assured in the property was other than the entire, unconditional, and sole ownership, for his own use and benefit.'" See, also, Camden Fire Ins. Ass'n v. Sutherland (Tex. Com. App.) 284 S. W. 927, 928, pars. 1 and 2; American Insurance Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074, 1075, pars. 1 to 3, inclusive; London & Lancashire Ins. Co. v. Higgins (Tex. Civ. App.) 68 S.W.(2d) 1056, 1059, par. 11; New York Underwriters Ins. Co. v. Brittain (Tex. Civ. App.) 62 S.W.(2d) 168 et seq. The trial court did not err in refusing appellant's request for a peremptory charge.

▆▆▆ Appellant, by various assignments of error, assails the sufficiency of the evidence to support the findings of the jury adverse to it on the issues relating to its contention that certain recitals in the policy sued on were false, and also the sufficiency of such findings to support the judgment rendered. The findings of the jury relating to the issue of false recitals were, in substance, as follows:

(1) W. A. Fort knew at the time he issued the policy sued on the facts with reference to the actual cost of appellee's car.

(2) Said car did not cost $3,135.

(3) The recital in the policy that the car cost $3,135 was not material to the risk.

(4) Appellant did not rely upon said recital.

(5) Appellant's agent Fort did not rely on said recital.

(6) Neither appellant nor its agent Fort discovered that the car did not cost appellee $3,135.

(7) An ordinarily prudent person would not, by reading the recitals with reference to

year and model contained in the policy, be led to believe that said car was a 1930 year model.

(8) The recitals with reference to year and model contained in the policy do not mean that said car was a 1930 year model.

(9) There was no yearly model for said car.

Appellant in its pleadings charged appellee with responsibility for the truth of the recitals contained in the policy because he accepted and retained the same. The language thereof with reference to the year and model of the car is found in paragraph V of the excerpt therefrom above quoted. Appellant alleged in that connection that the clear intent and meaning of the language so used was that said car "was a 1930 year model," and that an ordinarily prudent person reading the same would so understand and believe. It appears from appellant's said pleadings that it in effect conceded that the language under consideration was ambiguous, and that the real meaning of the same, or the sense in which it would be understood by an ordinary reader, was to be ascertained from consideration thereof in the light of the testimony introduced in connection therewith. As hereinbefore recited, the witness Sterling testified explicitly that Franklin cars were not described or designated by yearly models, but by a serial number and a separate number for each car of such series, and that the production or manufacture of the series to which appellee's car belonged extended into the year 1930. The serial number and the number of the particular car purchased by appellee were correctly recited in direct connection with the recitals concerning the year and model as aforesaid. The issues submitted to the jury in this connection were in harmony with the allegations of appellant's petition and invoked thereby, and we cannot say, in view of the testimony as a whole, that they are without support therein.

■■ Appellant's contention that the finding of the jury that the recital, in the policy, that the cost of said car to appellee was $3,135 was not material to the risk is without support in the evidence, presents a more interesting question. Article 5043 of our Revised Statutes declares, in substance, that any provision in a policy of insurance which provides that any statement made therein, if untrue or false, shall render the same void or voidable, shall be of no effect and shall not constitute any defense to a suit thereon unless it be shown that such untrue statement was material to the risk, and that whether it was material shall be in each case a question of fact to be determined by the court or jury trying the same. The policy in this case correctly recited the abbreviated serial number and the number of the particular car. There was testimony that with this information all pertinent facts concerning such car could be readily ascertained from reference books currently used in writing auto insurance. The list price is perhaps the most stable element in determining the sales price of a car. The list price of appellee's car was $2,885, and was correctly recited in the policy. Appellant's witness Warmoth testified that the amount of insurance which will be written on a car is determined entirely by the age and list price thereof. He further testified that it was customary to write insurance for the full amount of the list price of a current model for the first year of use, and 75 per cent. of such list price on renewal for the second year. The policy sued on was for the second year and, according to such schedule, might have promised as indemnity in case of total loss the amount of $2,163, or $463 more than the limit of indemnity promised by the policy upon which this suit is based. Said witness further testified that the amount of insurance written on a car would be the same if the owner had won it in a raffle or if it had been given to him; that in such a case the list price would control. There was testimony that appellee's car had received special care and frequent and skillful service. Appellant's witness W. A. Fort testified that even if the cost of the car to appellee were only $2,635, as contended by appellant, he would have written $1,844 insurance thereon if requested, or $144 more than the limit of liability stipulated in the policy in suit. While such policy is referred to as one for $1,700, a careful reading of the same discloses that the real obligation assumed by appellant therein is merely to pay the actual cash value of any loss or damage at the time the same occurs, and that the so-called amount of insurance named in the face of the policy is a mere limitation for appellant's protection in event that greater loss or damage has been sustained. The article of our statutes hereinbefore cited provides in express terms that whether an untrue statement in a policy of insurance is material to the risk is in each case a question of fact to be determined by the court or jury trying such case. A statement "material to the risk" is one concerning a fact which would induce the insurer to decline the insurance or to charge a higher premium. Home Insurance Co. v. Currie (C. C. A.) 54 F.(2d) 203.

878

206, par. 13; St. Paul Fire & Marine Ins. Co. v. Huff (Tex. Civ. App.) 172 S. W. 755, par. 2. The finding of the jury that the misstatement in the policy with reference to the cost of the car to appellee was not `material to the risk is not without affirmative support in the evidence, and we have therefore no right to disturb the same. Bull Dog Auto Ins. Co. v. Crowley (Tex. Civ. App.) 281 S. W. 622, 623, pars. 4 and 5. Appellant cites in this connection the case of Indiana & Ohio Live Stock Ins. Co. v. Smith (Tex. Civ. App.) 157 S. W. 755, 756. The subject of the insurance in that case was a horse. The policy was issued upon written application in which the owner represented that said horse was then worth $3,000; that he paid that amount for it; and that it was unmortgaged. He had in fact paid only $1,200 for said horse and the same was mortgaged with other property for $2,500. Said representations were therefore grossly inaccurate and apparently inexcusably false. The testimony showed affirmatively that the insurer relied thereon, was induced thereby to issue the policy, and would not have done so had it known that they were false. The policy written was for the sum of $1,200, practically the whole amount paid for the horse. A horse cannot be said to have a standard value, like a car of a particular make and model, but its value is dependent on its particular qualities in which it may differ greatly from other horses in the same market. Necessarily, the amount paid in purchasing a horse, as a circumstance tending to show its value, is of greater weight than the price paid for a standard article of merchandise, like a car of a particular make, model, and age. Our holding herein is not in conflict with the holding in that case.

■ Appellant's contention that the findings of the jury hereinbefore set out are insufficient to authorize or support the judgment rendered is based on a supposed conflict in the finding that appellant's agent Fort knew at the time he issued the policy sued on the facts with reference to the actual cost of appellee's car, and the further finding that he did not discover that the car did not cost appellee the sum stated in the policy. We do not deem consideration of this contention necessary, since the jury found that the recital in the policy with reference to the cost of the car to appellee was not material to the risk, and further found that Fort did not rely on such recital in issuing the policy.

■ Appellant presents an assignment of error in which it contends that the court erred in defining "actual cash value" as used in the charge. The policy sued on provided, in substance, that appellant's liability 'for loss or damage to the insured car should not exceed the actual cash value thereof. The court submitted an issue in which he asked the jury to find the actual cash value of the car immediately before the fire. In that connection he told the jury that: " 'Actual cash value,' as used herein, means the intrinsic or true value in cash of the car in question." Appellant's objections to said definition were lengthy and involved frequent repetitions. The substance thereof was that said definition was not a correct legal definition, that it was confusing and misleading, that it was an attempt to define actual cash value in its own language, and that it wholly failed to eliminate market value or trading value. A comprehensive definition of the actual cash value of property is "the price which it will bring in a fair market after fair and reasonable efforts have been made to find a purchaser who will give the highest price. The actual cash value then is the fair or reasonable cash price for which the property can be sold in the market." Ballentine's Law Dictionary, p. 29; 1 C. J. p. 1182, note 23 (a); Manchester Fire Ins. Co. v. Simmons, 12 Tex. Civ. App. 607, 35 S. W. 722, 723, first column (writ refused); Niagara Fire Ins. Co. v. Pool (Tex. Civ. App.) 31 S.W.(2d) 850, 852, pars. 8 to 10, inclusive; American Indemnity Co. v. Jamison (Tex. Civ. App.) 42 S.W.(2d) 801, 803, pars. 1 to 3; German Ins. Co. v. Everett (Tex. Civ. App.) 36 S. W. 125, par. 3. The "intrinsic value" of property is "the true, inherent and essential value of a thing, not depending upon accident, place or person but the same everywhere and to everyone." Ballentine's Law Dictionary, p. 680; 33 C. J. p. 803. Consideration of these definitions discloses that appellant's objections that the court attempted to define "actual cash value" in its own language, and that he should have expressly excluded from such definition market or trading value, are without merit.

■ The remaining elements of appellant's objection to said definition are merely that the same is incorrect, misleading, and confusing. The purpose of the statute (Rev. St. 1925, art. 2185) which requires the court to prepare his charge and submit the same to counsel for both parties for inspection and criticism is plain. Such purpose is that court and counsel should thus join in a frank and sincere effort to secure a proper submission of the case. Walker v. Haley, 110 Tex. 50, 51, 214 S. W. 295. To effect such purpose

counsel's objections to the charge should be specific, constructive, and helpful. They should be in such form as to enable the court to readily understand their scope and meaning, and to enable him, if necessary, to modify his charge in the light thereof. As said by Mr. Justice Buck in Gulf, C. & S. F. Ry. Co. v. Hines (Tex. Civ. App.) 4 S.W.(2d) 641, 648, par. 6: "We do not believe that objections to charges should be couched in veiled terms so as to hide rather than express the real objection thereto." An incorrect charge or definition constitutes no ground for reversal unless the specific defect therein is clearly pointed out in a proper objection thereto. Perkins v. Nevill (Tex. Com. App.) 58 S.W.(2d) 50, 52, par. 3; Abilene & S. Ry. Co. v. Herman (Tex. Civ. App.) 47 S.W.(2d) 915, 920, par. 8. Appellant's objection to the definition of "actual cash value" here under consideration nowhere intimates in what said definition is deficient, nor suggests to the ·court the elements of what appellant considered a proper definition. Appellant's objection that such definition was incorrect, misleading, and confusing was too general to require consideration, and the court did not err in overruling the same. Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 244, pars. 4 to 7, inclusive, and authorities there cited; Baker Co. v. Turpin (Tex. Civ. App.) 53 S.W.(2d) 154, 156, pars. 4 and 5.

█ Appellant presents an assignment of error in which it contends that the judgment rendered against it is, under the findings of the jury, excessive, and that same should in no event have exceeded $1,500. The jury found that the actual cash value of the car immediately before the fire was $1,700 and that its actual cash value immediately after the fire was only $60. The jury, however, further found that it would have cost only the sum of $1,500 to replace said car with another of like kind and quality. Notwithstanding the latter finding, the court rendered judgment in favor of appellee for the sum of $1,640. The policy expressly provided that appellant's liability for loss or damage to said car should not exceed what it. would cost to replace the same with another of like kind and quality, and such provision was duly pleaded. Appellee attempts to justify the action of the court in disregarding the finding of the jury on such issue on the ground that such finding is without support in the evidence. Article 2209 of our Revised Statutes provides, in substance, that where a special verdict is returned, the court shall render judgment thereon unless set aside.

Article 2211 of said statutes, prior to the amendment thereof hereinafter discussed, provided that the judgment of the court should conform to the pleadings and the verdict. These articles had, prior to such amendment, remained unchanged for many years. Our Supreme Court, in Waller v. Liles, 96 Tex. 21, 23, 70 S. W. 17,. construed them to require the court to render judgment upon findings of the jury on issues raised by the pleadings though without any support in the evidence or against the undisputed evidence. See, also, Ablowich v. Greenville National Bank, 95 Tex. 429, 431 et seq., 67 S. W. 79, 881; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544, 545, par. 1; Reese v. Reese (Tex. Civ. App.) 289 S. W. 1023, 1024,. par. 2 (writ refused). None of the foregoing cases involved an order of the court setting the verdict aside and granting a new trial, as provided in said article 2209. The Forty-Second Legislature, at its regular session. in 1931 (chapter 77, § 1) amended said article 2211 (Vernon's Ann. Civ. St. art. 2211) by adding a provision authorizing the trial court, on motion and reasonable notice, to disregard any special issue finding which has no support in the evidence. No such proceeding was had in this case, and the record nowhere discloses why the court disregarded said finding and rendered a judgment inconsistent therewith. Several of our Courts of Civil Appeals have held that a trial court, absent proper motion and notice, has no authority to disregard a jury finding on an issue duly pleaded and render judgment contrary thereto, notwithstanding such issue may be wholly without support in the evidence. St. Louis, B. & M. Ry. Co. v. Huff (Tex. Civ. App.) 66 S.W.(2d) .373, pars. 2 and 3; Smith v. El Paso & N. E. R. Co. (Tex. Civ. App.) 67 S.W.(2d) 362, par. 11; Parks v. Hines (Tex. Civ. App.) 68 S.W.(2d) 364, pars. 1, 2 and 3; St. Louis, B. & M. Ry. Co. v. Simmonds (Tex. Civ. App.) 50 S.W.(2d) 343; Coleman v. Rollo (Tex. Civ. App.) 50 S. W.(2d) 391, par. 5. Since the policy provided that liability of appellant should in no event exceed the cost of replacing the appellee's car with another of like kind and quality, and since the jury ·found that the same could have been so replaced for the sum of $1,500, and since such finding was not assailed by appellee as authorized by' article 2211 as aforesaid, the court in rendering judgment for appellee should have restricted his recovery to said sum. Appellee's recovery against appellant is therefore reduced to the sum of $1,500.

We have examined all the other contentions presented by appellant and have reached the conclusion that none of the same justify or require the reversal of the judgment, and the same as here reformed is affirmed.