## PREMIER PETROLEUM CO. v. BOX.

### No. 2984.

Court of Civil Appeals of Texas. Eastland.
Jan. 23, 1953.

Rehearing Denied Feb. 20, 1953.

Turner & Seaberry, Eastland, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

COLLINGS, Justice.

W. E. Box, Jr., brought suit against Premier Petroleum Company, seeking $5,-500 as damages to a 196 acre tract of land in Callahan County, Texas, as a result of a break in appellant's pipe line. It was alleged by Box that under the terms of a written contract appellant had agreed to pay for any damages to his land caused by the laying, maintaining and operating of its pipe line thereon and any damages caused by changing the size of the pipe line or laying additional lines.

The case was tried before a jury and based upon its verdict, judgment was rendered for appellee Box in the sum of $2,-000. Premier Petroleum Company has appealed.

In appellant's Point No. 1 it is contended that the court erred in overruling and in not sustaining its motion for an instructed verdict because appellee did not plead any act or omission on the part of appellant constituting negligence proximately causing the damage to appellee's land. In points eight through fifteen, appellant, in various ways, attacks the judgment but the substance of each point is that the entry of the judgment was improper because it was unsupported by any pleadings, proof or finding by the jury that the damage to appellee's land was caused by any negligent act or omission by appellant. These points were grouped for discussion by the parties and since substantially the same question is involved in each of them, we will do likewise.

The instrument relied upon by appellee Box as the basis for the claimed contractual obligation on the part of appellant to pay for the damage to his land was a right-of-way grant under which the pipe line was originally constructed. The following portion of the instrument is material to the matter here under consideration:

"The said Grantor, his heirs and assigns, to fully use and enjoy said premises, except for the purposes hereinbefore granted to the Grantee herein, which Grantee (appellant) hereby agrees to pay any damages which may arise from the laying, maintaining and operating said pipe line; said damage, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by said Grantor, his heirs or assigns, one by the said. Grantee, its successors or assigns, and the third by the two so appointed as aforesaid, and the award of such three persons shall be final and conclusive. And it is hereby further agreed that the said Grantee, its successors or assigns, may at any time lay an additional line of pipe alongside of the first line, as herein provided, upon a payment of a like consideration, and subject to the same conditions; also to have the right to change the size of its pipe, the damages, if any, in making such change to be paid for by said Grantee."

It is to be noted that the instrument provides that "grantee hereby agrees to pay any damages which may arise from the laying, maintaining and operating said pipe line." In our opinion, appellee is entitled, under the provisions of the instrument, to recover the damages here shown to have been sustained to his land by reason of the "maintaining and operating" of said pipe line, regardless of the fact that there was no allegation or proof of negligence on the part of appellant. The authorities cited by appellant in support of its position are to be distinguished from the instant case. The case of Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, was a suit based upon allegations of negligence and not upon the terms of a contract. Damages were alleged to have been sustained to a portion of the turf and grass on two sections of land belonging to the Turners and to certain water holes thereon used for livestock purposes by reason of the action of the defendant company in permitting the levees and dams of its artificial ponds situated some six miles away to break and release salt water which passed over a portion of the Turner grass lands and polluted their stock water holes. Recovery was sought upon allegations of negligence which the jury found not to exist and upon the doctrine of absolute liability which the court held had long since

been repudiated. The suit was not brought upon an alleged contractual obligation and is not applicable to the facts of this case.

The case of Mauk v. Texas Pipe Line Co., Tex.Civ.App., 93 S.W.2d 820, cited by appellant, was also based upon allegations of negligence. Mauk sought damages from the company for negligently permitting oil to leak or escape from its pipe lines which had been constructed under an easement dated October 10, 1921. After the evidence was all in, the court granted an instructed verdict for the company. The judgment was affirmed by the court of civil appeals for the stated reasons that the leakage proved which was from pipe lines under a former easement did not correspond to the alleged leakage of oil from a pipe line constructed under an entirely different easement; that the allegata and probata did not correspond; that there was no assignment of error presenting the contention that the evidence introduced was sufficient to sustain a jury finding that the leakage complained of resulted from the alleged negligence of defendant.

The case of Lone Star Gas Company v. Hutton, Tex.Com.App., 58 S.W.2d 19, which appellant relies upon is likewise not applicable to the facts of the case here under consideration. It was held that under the terms of the easement in that case that the company had a legal right to locate, construct and operate such lines across the land and that it was to be presumed that the grantor assented to bear all loss and profits which incidentally resulted from the exercise of those rights in a legal manner. The easement in the present case is different from that in the Hutton case and its terms clearly indicate the intention of the parties that the grantee was to pay any damages which might arise from the laying, maintaining and operating of its pipe line in addition to the original consideration of $37.50 which had been paid to grantor; that such was the intention of the parties is more conclusively established by the provision made therein for ascertaining and determining the amount of damages. There is no reason why the parties could not contract as they desired

concerning such damages. Since the terms of the easement clearly provided for appellant's liability it is our opinion appellant is liable for the damages shown to have been suffered by Box regardless of any negligence by appellant. Meyer et ux. v. Cox, Tex.Civ.App., 252 S.W.2d 207; Seligmann v. Sonka, Tex.Civ.App., 183 S.W. 73; Morgan v. Echols, 201 La. 975, 10 So. 2d 776; Transcontinental Gas Pipe Line Corp. v. Myrick, Miss., 51 So.2d 475.

In Points 2 and 3 appellant contends that the court erred in overruling and in not sustaining objections to the testimony of appellee Box and of the witness Hembree as to the market value of appellee's land. These points are overruled. The qualification of a witness to testify concerning the market value of property is largely within the discretion of the trial court. Appellee Box was a farmer and owner of the land in question and testified that he knew its value. He was qualified under these circumstances to give his opinion of the value of the land. The witness Hembree testified that he had had about 20 years experience as a real estate dealer; that he was familiar with the property and that he knew its reasonable market value on the occasions in question. His testimony was admissible for jury consideration. City of Houston v. Schorr, Tex. Civ.App., 231 S.W.2d 740; Driscoll v. Noland, Tex.Civ.App., 130 S.W.2d 400; Alexander Trust Estate v. Lindsey Drug Co., Tex.Civ.App., 214 S.W.2d 475; Dallas Railway & Terminal Co. v. Strickland Transp. Co., Tex.Civ.App., 225 S.W.2d 901; Pacific Finance Corp. v. Gilkerson, Tex.Civ.App., 217 S.W.2d 440.

In appellant's Point 4 it is urged that the court erred in overruling and in not sustaining objections and exceptions to the submission of special issue No. 1 of the court's charge which was as follows:

"From a preponderance of the evidence, what do you find to be the difference between the reasonable cash market value of the land in question immediately before the leak of June 7, 8, 9, 10, 1951, and the reasonable

cash market value after the above said date? Answer in dollars and cents, if any."

 Appellant objected to the above issue and contended that it should not have been submitted because appellant was entitled to an instructed verdict; that the issue did not exclude items of previous damage to the land; that no proper measure of damages had been proved by appellee and that the term "reasonable cash market value" as used therein, was not defined. An examination of the charge shows that the term "reasonable cash market value" was defined by the court. There was competent evidence as to the value of the land which supports the finding of the jury that the difference in the value of the land before and after the leakage of the oil was $2,000. This issue was a proper submission of the case based upon a proper measure of damages and it necessarily excluded any previous damage to the land. The issue is not subject to the objections made and the point is overruled.

For the reasons above stated, the court also properly refused appellant's requested special issues Nos. 2 and 3 which inquired concerning previous damage to the land. The points complaining of such action by the court are overruled.

 There was no evidence in the record of any damage to the land by reason of a heavy rain which occurred at or about the time of the oil leakage complained of, except that some of the oil was, by reason of the rain, and the overflow of water resulting therefrom, washed and carried to other portions of appellee's land which was also damaged by the oil being deposited thereon. Under this evidence the court did not err in refusing to submit appellant's requested special issue No. 1 inquiring what part of the damage to appellee's land, if any, was caused by the rain.

 In appellant's Point No. 16 it is contended that the judgment cannot stand because there is no allegation, proof or jury finding that appellee complied with the terms of the right-of-way deed with reference to arbitration. As shown in the portion of the easement hereinabove set out,

it was provided that if the damage could not be mutually agreed upon, it should be ascertained and determined by arbitration and provided the manner of the selection of three disinterested persons to make the determination. Appellee testified that he talked to a representative of the company and tried to settle the matter but was unable to do so. The only pleading filed by appellant company was a general denial and it did not plead the provision of the easement concerning arbitration. The case went to trial upon the merits without any exercise by appellant of the right to arbitrate and the first time any objection or mention was made of the matter in any manner was in appellant's amended motion for new trial where it was urged that the judgment could not stand because there was no allegation, proof or finding that the arbitration provision had been complied with. The arbitration provision was not by the terms of the easement or by necessary implication a condition precedent to appellee's right to bring suit but was capable of being waived by the parties. Manchester Fire Ins. Co. v. Simmons, 12 Tex.Civ.App. 607, 35 S.W. 722, writ of error refused 93 Tex. 733. Under the facts here presented it is our opinion that appellant waived its right to arbitration. The rule is stated as follows in 117 A.L.R. page 304:

"As a general rule it may be stated that any conduct of the parties inconsistent with the notion that they treated the arbitration provision as in effect, or any conduct which might be reasonably construed as showing that they did not intend to avail themselves of such provision, may amount to a waiver thereof and estop the party charged with such conduct from claiming its benefits."

It is contended by appellant in Point No. 18 that the verdict of the jury which found the damages to be $2,000 is excessive; that the evidence showed only 5.7 acres of land to be damaged and that the highest estimate of the value of the land was only $150 per acre. An examination of the record indicates that there was testimony of damage to the remaining portion of appellee's land; that the 5.7 acres of land above referred to

ran through the middle of appellee's field and thereby damaged and reduced the value of the entire tract in an amount substantially more than the amount found by the jury. The point is overruled.

We find no error in the points presented and the judgment of the trial court is affirmed.