**Richard J. HATCH, Appellant,**

v.

**Jack DAVIS, Appellee.**

No. 1739.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Rehearing Denied Sept. 24, 1981.

Kenneth R. Hannam, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellant.

William H. Berry, Jr., Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit by a former court reporter, Jack Davis (appellee-plaintiff), against Richard Hatch (appellant-defendant) for fees for preparing an original and one copy of an appellate statement of facts. Plaintiff contended he was entitled to recover on the theory of breach of a contract, or, in the alternative, on the theory of quantum meruit. The trial court, after return of a jury verdict that included findings consistent

with both of those theories, entered a final judgment awarding plaintiff compensation in the sum of $2,503.50.[1]

The essential facts that gave rise to this cause of action are as follows: Defendant Hatch orally requested plaintiff Davis to prepare the original and one copy of the statement of facts. This oral request was confirmed by Hatch by letter dated October 12, 1973. At the time the statement of facts was ordered, $1,000.00 was advanced toward the cost of the preparation. Upon completion of the statement of facts, Davis sent a bill to Hatch for $3,579.51, less a $1,000.00 credit. Hatch refused to pay this amount, contending that Davis, as an official court reporter, was subject to the provisions of Tex.Rev.Civ.Stat.Ann. art. 2324 (1961) and could only charge $.30 per 100 words. Thereafter Bruce Waitz, another attorney, calculated the amount due and owing under art. 2324, and an additional $451.18 was tendered to Davis in full and final payment for the statement of facts. Davis rejected this tender and filed the present suit against Hatch.

Plaintiff went to trial on his First Amended Original Petition in which he pleaded the alternative theories of a special contract for $1.75 per page and quantum meruit. Davis also sought recovery of attorney's fees and recovery for freight charges and indexing.

After an extensive trial, the case was submitted to the jury, which found every essential issue in favor of the court reporter on the special contract theory of recovery. The jury found: 1) that Davis represented to Hatch that he would charge at least $1.75 per page for the original and one copy of the statement of facts; 2) that Hatch agreed to pay $1.75 per page for both the original and one copy of the statement of facts; and 3) that Davis was entitled to attorney's fees in the following amounts: a) $2,250.00 for the preparation and trial of this case; b) $750.00 if the case is appealed to the Court of Civil Appeals; c) $825.00 if

the case is appealed to the Texas Supreme Court. The jury also answered several special issues based upon Davis' quantum meruit theory.

Hatch, in his first point of error, contends that the trial court erred in entering judgment for Davis in the amount of $2,503.50, because Davis, as an official court reporter, was subject to being compensated at the statutory rate set out in Tex.Rev.Civ.Stat. Ann. art. 2324 (1961). The pertinent provisions of art. 2324 are as follows:

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and the reporter shall make up such transcript and shall receive as compensation therefor the sum of not more than thirty cents per one hundred words *for the original thereof*, and in addition such reporter may make a reasonable charge, subject to the approval of the trial court if objection shall be made thereto, for postage and/or express charges paid; photostating, blue-printing or other reproduction of exhibits; indexing; and preparation for filing and special binding of original exhibits. Provided further, that in case any such reporter shall charge more than the fees herein allowed, whether by accident or design, and shall refuse to make proper refund or correction of such charges, he shall be liable to the person paying the same a sum equal to four times the excess so paid." (emphasis added)

Underlying defendant's points of error one, two and three, is his contention that art. 2324 does not allow a court reporter to charge for services rendered in the making of a copy of the statement of facts. The statute makes no mention of copies or mention of what a reporter might charge for a copy. *If defendant's contention is* sustained, it would preclude a court reporter from performing, for reasonable compensation, the nonofficial service of making copies of documents prepared by him in his

---

1. It is noted that the judgment of $2,503.50 is incorrectly computed. The jury found that the correct amount was $3,404.18. Despite this, appellee Davis, in his brief, asks that the adjudication in his favor for $2,503.50 be affirmed.

official capacity. Obviously, the Legislature, by enacting Article 2324, did not intend such a result. Additionally, since the jury found that the parties entered into an agreement to furnish an original and one copy, we hold that Davis was not in violation of art. 2324. It is established law that if a contract is susceptible of two constructions, one which would render it valid and the other invalid, construction validating it must prevail. *Harris v. Rowe*, 593 S.W.2d 303 (Tex. 1980); *Seaview Hospital, Inc. v. Medicenters of America, Inc.*, 570 S.W.2d 35 (Tex.Civ.App.--Corpus Christi 1978, no writ). Therefore, we find that Davis did not charge in excess of the statutory rate allowed for the original.

█ The contention is also made by defendant in points two and three that plaintiff failed to plead a fact essential to his cause of action, namely, the fact that the cost of the copy of the statement of facts had been approved by the trial court. He argues that Article 2324 required that when there is an objection to the cost, the cost must be approved by the trial court before the reporter is entitled to be paid. Article 2324 did not require that the cost of a copy of the statement of facts be approved by the trial court if there was a dispute about the cost. It did provide that the reporter could make a reasonable charge

> . . . subject to the approval of the trial court if objection shall be made thereto, for postage and/or express charges paid; photostating, blue-printing or other reproduction of exhibits; indexing; and preparation for filing and special binding of original exhibits.

Points one, two and three are overruled.

█ In defendant's fourth point of error, he contends that judgment was improperly rendered for $2,503.50, because there were no pleadings and insufficient evidence on the number of words in the statement of facts, and therefore, no one could calculate the court reporter's compensation based on $.30 per 100 words. Having held that there was a valid contract for $1.75 per page for an original and one copy, we find this point of error to be without merit. Furthermore,

we hold that it was defendant's burden to prove the exact number of words in the statement of facts. Statutes imposing penalties are to be strictly construed, and one who seeks to recover a penalty must bring himself clearly within the terms of the statute. *Tenneco Oil Company v. Padre Drilling Company*, 453 S.W.2d 814 (Tex. 1970); *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490 (Tex.Civ.App.--Austin 1977, writ ref'd n.r.e.). Thus in order for defendant to prove that plaintiff charged an excessive rate, it was incumbent upon him to allege and prove the number of words in the transcript. See: *Cross v. Wilson*, 33 S.W.2d 575 (Tex.Civ.App.--Amarillo 1930, no writ). Defendant's fourth point of error is overruled.

█ Point five contends that the trial court erred in entering its judgment because there was no evidence that a contract was made for the preparation of a copy only. The contract plaintiff pleaded was not a contract for a copy only, but was a contract for an original and one copy. The contract which the jury found by its answers to special issues one, two and three was a contract for an original and a copy. Point five attacks a contract not in issue. Since we have found that a valid contract existed for $1.75 per page for an original and one copy, this point is without merit.

█ Plaintiff, by way of cross-point, contends that the trial court erred in failing to award him attorney's fees as found by the jury. We agree. A contract for personal services will support an award of attorney's fees. *Tenneco Oil Company v. Padre Drilling Company*, supra; *Shirey v. Albright*, 404 S.W.2d 152 (Tex.Civ.App.--Corpus Christi 1966, writ ref'd n.r.e.); *Nagle v. Duncan*, 570 S.W.2d 116 (Tex.Civ.App.--Houston [1st Dist.] 1978, writ dism'd). We hold that plaintiff's claim was a claim for personal services rendered within the meaning of Tex.Rev.Civ.Stat.Ann. art. 2226 (1979). Therefore, the trial court should have allowed plaintiff's recovery for attorney's fees in the amount of $2,250.00 for the trial; $750.00 for an appeal to this Court; and $825.00 for an appeal to the Texas Supreme Court.

Plaintiff, in his second cross-point, contends that he is entitled to have judgment rendered for $91.50 for reasonable and necessary charges, including postage, binding and indexing, because defendant waived objecting to these charges under art. 2324. In support of this point, plaintiff presents only a general argument. He cites no authority to support his contention that the trial court erred. A point of error that is not briefed fails to meet the minimum requirements of Rule 418, T.R.C.P., and is considered as being waived. *Schero v. Astra Bar, Inc.*, 596 S.W.2d 613 (Tex.Civ. App.--Corpus Christi 1980, no writ); *County of Nueces v. Floyd*, 609 S.W.2d 271 (Tex. Civ.App.--Corpus Christi 1980, writ ref'd n.r.e.).

Judgment of the trial court is affirmed in part and reversed and rendered in part.