Keith LECKEY, Individually and d/b/a Keith's House Painting Service, Appellant,

v.

John S. WARREN and Rebecca P. Warren, Appellees.

No. 1965.

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

Rehearing Denied with Opinion May 20, 1982.

Steven J. Burch, Corpus Christi, for appellant.

C. M. Henkel, III, Corpus Christi, for appellees.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

BISSETT, Justice.

This is a Deceptive Trade Practices case. John S. Warren and Rebecca P. Warren [hereinafter "the appellees"] filed this suit against Keith Leckey, doing business as Keith's House Painting Service [hereinafter "the appellant"] alleging numerous violations of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm. Code Ann. §§ 17.41 et seq. (Vernon Supp. 1981). Following a jury trial, judgment was rendered against the appellant in accordance with the jury's answers to the special issues submitted. The appellant raises ten points of error.

■ In his first six points of error, the appellant contends that there is no evidence to support the jury's answers to special issues 1, 5, 6, 9, 10 and 13, and that said answers are against the great weight and preponderance of the evidence. We note that the appellant has failed to cite any authority in support of his first six points of error. Rule 418(e), T.R.C.P., provides that a brief *shall* contain "such discussion of the facts and *the authorities relied upon* as may be requisite to maintain the point at issue." [emphasis added]. Points of error not supported by arguments *and* authorities are waived. *Hatch v. Davis*, 621 S.W.2d 443, 447 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n. r. e.); *Schero v. Astra Bar, Inc.*, 596 S.W.2d 613, 614 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, 540 S.W.2d 380, 389 (Tex.Civ.App.—Corpus Christi 1976), writ ref'd n. r. e., *cert. denied*, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977); *Inman v. Padrezas*, 540 S.W.2d 789, 797 (Tex.Civ.App.—Corpus Christi 1976, no writ).

Even if the points had been properly briefed, they would be overruled. The testimony presented by the appellees constituted some evidence of probative value to support the jury's answers to the special issues complained of, and the answers are not against the great weight and preponderance of the evidence. The first six points of error are overruled.

■ In his remaining points of error, the appellant challenges the constitutionality of Tex.Bus. & Comm.Code Ann. 17.50(b)(1) (Vernon Supp.1981). The appellant, however, failed to affirmatively plead unconstitutionality in the trial court. Unconstitutionality of a statute is an affirmative defense which must be pled. *Hyder-Ingram Chevrolet, Inc. v. Kutach*, 612 S.W.2d 687, 689 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Mobile America Sales Corp. v. Rivers*, 556 S.W.2d 378, 382 (Tex.Civ.App.—San Antonio 1977, writ dism'd). Therefore, the appellant's remaining points of error are overruled.

The judgment of the trial court is AFFIRMED.

OPINION ON MOTION FOR REHEARING

In his motion for rehearing, the appellant's attorney evidences a misunderstand-

754 ■ 

ing of our disposition of his first six points of error. As stated in our original opinion, no authority was cited in support of these points of error. The appellant's attorney merely quoted Webster's Third New International Dictionary's definition of the word "should." Because the appellant cited no authority to support his first six grounds of error, this Court considered those points waived and overruled them for that reason.

It is not the function of this Court to brief the appellant's case for him. He has the burden of showing reversible error and in order to do so he must cite authority which supports his position. Rule 418, T.R. C.P.

■ The appellant also states that "this Court is required to make and file conclusions of fact and law regarding the instant case. Rule 453, T.R.C.P."

In *City of Beaumont v. Graham*, 441 S.W.2d 829 (Tex.1969) the Supreme Court noted:

"As this court observed some sixty-five years ago, at a time when the substance of Rules 453 and 455 was contained in statutes, '[a] grave misconception seems to be entertained' by attorneys concerning the duty imposed on courts of appeals by the quoted provisions. *Nowlin v. Hall*, 97 Tex. 441, 79 S.W. 806 (1904)." Id. 832.

The appellant's motion for rehearing indicates that the "grave misconception" referred to in *Graham* still persists. In an effort to clear up this misconception, we quote the Supreme Court's explanation of Rule 453, as enunciated in *Graham*:

"In so far as Rule 453 requires conclusions or findings of fact, it requires only that a court of civil appeals file conclusions or findings that the evidence in a particular case is or is not factually sufficient to support express or implied trial court or jury findings on vital ultimate issues made by the pleadings and evidence. *Nowlin v. Hall*, supra. *The rule does not contemplate or require that a court of civil appeals make evidentiary findings or that its opinion repeat all of the evidence or all of the trial court findings which appear elsewhere in the rec-*

ord. *Manchester Fire Ins. Co. v. Simmons*, 12 Tex.Civ.App. 607, 35 S.W. 722 (1896, writ ref'd). *Manchester* was cited with approval in *Nowlin v. Hall*, supra. And see *Construction and General Labor Union, Local No. 688 v. Stephenson*, 148 Tex. 434, 225 S.W.2d 958, at 963 (1950). Indeed, as this court pointed out in *Wisdom v. Smith*, 146 Tex. 420, 209 S.W.2d 164 (1948), courts of civil appeals have no jurisdiction to make original findings of fact in cases on appeal; they can only 'unfind' facts. 38 Texas L.Rev. 361, at 368." (Emphasis added). Id. at 832–833.

In our original opinion we stated our conclusion that the evidence in this case was sufficient to support the jury's answers to the special issues complained of. Rule 453 does not require this Court to go beyond this conclusion.

The appellant's motion for rehearing is overruled.